Den ex dem. Hankinson *v.* Blair.

---

### JOHN DEN EX DEM. HANKINSON v. JOHN J. BLAIR.

The tenant is entitled to six months' or half a year's notice to quit, but he forfeits his right to such notice, by disclaiming the landlord's title.

This was an action of ejectment tried at the Warren Circuit Court, in December 1833. At the trial, the Judge in his charge to the jury, stated, " that he had reserved the question as to whether the notice should be given three or six months before the time of quitting, for consideration at bar ; and they should

Den ex dem. Hankinson v. Blair.

therefore consider the second notice sufficient in form and substance, and being served three months before the first of May, the plaintiff would be entitled to a verdict." The jury rendered a general verdict in favor of the plaintiff. On the return of the *postea*, the court granted a rule to show cause why the verdict should not be set aside.

*Sherrerd*, for defendant.

*Maxwell*, for plaintiff.

The opinion of the court was delivered by

HORNBLOWER, C. J. There seems to have been no serious dispute, or difficulty about the title in this case. The defence relied on by the defendant, was, that he had not had a lawful notice to quit. Two notices had in fact been proved ; one of which it was admitted was insufficient; but the other, which was a three months' notice, it was insisted, was a good and legal notice. Some slight evidence of a disclaimer, was given on the trial, and the Judge in charging the jury, left it to them to determine whether the tenant, by what he had said, had intended to disclaim his landlord's title, and very properly told them, that if he had done so, he had forfeited his right to a notice to quit. If the Judge had overruled both of the notices, this charge would have been right, and the finding of the jury against the defendant, must in that case, have been founded on the fact of a disclaimer. But the Judge afterwards told the jury, they must consider the second notice to quit, as a good and sufficient one ; and that he should reserve the question of its legality, for consideration at bar.

Hence the jury had no opportunity of passing on the question of disclaimer, for the plaintiff was entitled to recover on the notice to quit, whether the defendant had or had not disclaimed his landlord's title. The verdict must therefore be set aside, and a new trial granted, because the notice to quit ought to have been for six months or half a year, as was recently decided in this court, in *Den ex dem. McCowen* v. *Drake*, 2 *Green's R.* 523. Costs must abide the event.

RYERSON, J. having been of counsel, gave no opinion.

*New trial granted.*