THE STATE, DEFENDANT IN ERROR, v. ION E. TERRY, PLAINTIFF IN ERROR.

Argued November 21, 1905—Decided June 18, 1906.

1. In section 66 of the Crimes act of 1898 (*Pamph. L., p.* 794), the clause "compounded and intended to be used as medicine," relates only to the *compositions* mentioned in this section.
2. The first section of the Werts act, approved March 20th, 1889 (*Gen. Stat., p.* 1810), and sections 66 and 68 of the Crimes act of 1898, had the effect of extinguishing sections 60 and 61 of the Crimes act of 1874 (*Gen. Stat., p.* 1060), and with them the supplement to the Inn and Tavern act, approved March 26th, 1874. *Gen. Stat., p.* 1795.
3. A person claiming exemption from the general prohibitions of the law, by reason of a special privilege not granted in the enacting clause of the prohibitory statute, must establish every fact on which the privilege rests.

On error to the Supreme Court. For opinion of that court, see 43 *Vroom* 375.

For the state, *J. Hampton Fithian,* prosecutor of the pleas.

For the defendant, *John W. Wescott* and *Gilbert Collins.*

The court having conferred upon this case and reached a conclusion therein, requested Mr. Justice Dixon to prepare an opinion. The following was prepared and copies distributed by him among the members of the court shortly before his death. It has been approved and adopted as the opinion of the court.

DIXON, J. This writ of error brings up a judgment of the Supreme Court affirming a conviction of the defendant on an indictment charging him with the unlicensed sale of liquor in quantities less than a quart. The statute on which the indictment rests is section 66 of the Crimes act of 1898 (*Pamph. L., p.* 794), and it enacts that "it shall not be lawful for any person, without license for that purpose first had and obtained, to sell or permit to be sold, any vinous, spirituous or malt liquors, wine, rum, gin, brandy or other ardent spirits, or any composition of which any of the said liquors shall form the chief ingredient, except such as shall be compounded and intended to be used as medicine, by any measure less than one quart; * * * and any person so offending shall be guilty of a misdemeanor."

At the trial the evidence tended to prove that the liquor sold by the defendant was whiskey, and he insists that the jury should have been instructed that if he, being a druggist, intended the whiskey to be used as a medicine, then he was not guilty within the terms of that statute.

This position cannot be maintained. In *Townley* ads. *State,* 3 *Harr.* 311, the Supreme Court held that the clause "compounded and intended to be used as medicine" applied only to the *compositions* mentioned in the statute, and this has since been generally regarded as the correct interpretation of the act. The unreported case of State *v.* Wyman (see *Giff. Stat. Con.* 181, note) probably dealt with some other feature of the decision in the Townley case. Mr. Justice Van Syckel, in *Roberson* v. *Lambertville,* 9 *Vroom* 69, adopted a view opposed to this construction of the law, but the later case of *State* v. *Marks,* 36 *Id.* 84, returns to the meaning first announced. We think that is the proper im-

port of the enactment. While, of course, every kind of liquor mentioned is chemically a compound, none of them would be so designated in ordinary speech except the compositions described.

The indictment charged that the sales were made in the city of Millville, and the defendant put in evidence at the trial two ordinances of the city providing punishment for the unlicensed sale of spirituous liquors, and thereupon he contended that, by force of the supplement to the Inn and Tavern act, approved March 26th, 1874 (*Gen. Stat., p.* 1795), such sales in that city were not indictable.

The criminal statutes (*Gen. Stat., p.* 1060, §§ 60, 61), which, according to that supplement, were to be superseded by city ordinances, imposed upon the offender a fine not exceeding $20. The first section of the statute commonly called the Werts act, approved March 20th, 1889 (*Gen. Stat., p.* 1810), declared that such offenders should be guilty of the offence of keeping a disorderly house, a crime punishable, under our constitution, only by indictment (*State* v. *Anderson*, 11 *Vroom* 224), and subjecting the criminal to imprisonment not exceeding two years and a fine not exceeding $500 (section 192 of the Crimes act of 1874). *Gen. Stat., p.* 1083. The present Crimes act (*Pamph. L.* 1898, *p.* 794) styles offences of this nature misdemeanors (sections 66, 68), and renders the offender liable to a fine not exceeding $1,000 and imprisonment not exceeding three years (section 218). The language of these statutes of 1889 and 1898 is sufficiently comprehensive to embrace every portion of the state, and it cannot be supposed that the legislatures which enacted them intended that in cities, where perhaps their efficiency was most needed, their grave penalties should be superseded by such slight fines as municipal ordinances can impose. Their legal effect is to extinguish the enactments covered by the Inn and Tavern supplement of March 20th, 1874, and with them the supplement itself. Nothing now said is at all inconsistent with the decision in *State* v. *Anderson, ubi supra.* There a mere transposition of statutes, without material change, was

considered, while here we have an important alteration made by the later acts.

The defendant further objects to his conviction because the trial judge refused to charge the jury in accordance with the following requests:

"When the evidence discloses that the sales in question were by a druggist and in his store, the presumption is that the sales were lawful and in good faith.

"When the evidence shows that the sales in question were by a druggist in his store, and under the terms of a prescription from a reputable physician, the presumption is that the sale was in good faith."

These requests had no bearing in the case except as they might bring the defendant within the protection of the twelfth section of the Werts act, *ubi supra,* which made it lawful for druggists and pharmacists, regularly employed in and carrying on the drug and pharmacy business, to sell intoxicating liquors by less measure than one quart without license; "*provided,* that such liquors so sold be in good faith compounded or sold for medicinal uses and purposes only, upon the prescription of a reputable physician, signed by such physician; said liquors so compounded or sold not to be used or drunk on or about the premises where sold."

The special privilege thus granted to be exempt from the general prohibition of the law is not contained in the enacting clause of the prohibitory statute, and therefore he who claims it in response to a criminal accusation must establish every fact on which the privilege rests, at least so far as to create reasonable doubt of his guilt. *State* v. *Society E. W. M.,* 13 *Vroom* 504; *Mayer* v. *State,* 35 *Id.* 323.

The first request, although it omitted several circumstances necessary to support the privilege, nevertheless called upon the judge to charge that sales, generally prohibited by the law, were presumed to be lawful. Evidently this request was rightly denied.

The second request was, for the purposes of that trial, meaningless. A presumption that the defendant's sales were made in good faith would not aid him, unless his faith had

reference to the use of the liquor for medicinal purposes only, and elsewhere than on or about his premises; but these conditions were ignored in the request. It was properly refused.

We have considered the criticism offered in the brief of counsel for the defendant respecting the examination of witnesses at the trial, but we have discovered nothing erroneous in law or manifestly injurious to the defendant. The testimony, we think, fully warranted his conviction.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, HENDRICKSON, SWAYZE, BOGERT, VREDENBURGH, GREEN, GRAY, DILL. 9.

*For reversal*—VROOM. 1.