JOHN F. RAISON, RELATOR, v. BOARD OF EDUCATION OF THE TOWNSHIP OF BERKELEY, IN THE COUNTY OF OCEAN, RESPONDENT.

Submitted May 26, 1927—Decided June 15, 1927.

1. If there be an exception in the body of the enacting clause of a statute, the party relying on such enacting clause must negative the exception in his pleading; but if the exception be in some other detached clause it need not be negatived or noticed, and the opposite party must set up the exception.

2. Where a child of school age is excluded from the public schools solely on the ground of color, and it is not a question of the particular school to which he is assigned as a mere matter of convenience, it is not necessary to assert his rights in the first instance through the procedure provided by the school law, but resort may be had at once to *mandamus.*

On demurrer to alternative writ of *mandamus.*

Before Justices PARKER and CAMPBELL.

For the relator, *Eugene R. Hayne.*

For the respondent, *David A. Veeder.*

The opinion of the court was delivered by

PARKER, J.   It appears from the writ that relator is a citizen and resident of the township of Berkeley and has a minor child of school age for whose admission into some one of the public schools of the said township he applied to the said board of education, but that said board has refused and does refuse to admit said child into either of the schools thereof, and particularly that nearest his place of residence, solely because and on account of the race and color of said child, who, like the relator, is of the negro race.   The alternative direction of the writ is, generally, to receive the child into one of the schools on the same terms as other children, &c.

To this writ there is a demurrer, and five grounds are specified.

The first is that it fails to allege that no other suitable provision has been made for the admission of the child into some other convenient school. This is matter of defense. Primarily, by section 116 of the School act, a child is entitled to attend a school in his own district. There are provisions in other sections whereby for purposes of convenience such child may be assigned to another school, but they are exceptions not in the enacting clause, which need not be negatived by the relator but should be invoked by the respondent. *State* v. *Terry,* 73 *N. J. L.* 554; *State* v. *Reilly,* 89 *Id.* 627, 628; *Wheatman* v. *Andrews,* 85 *Id.* 107, 112, where other cases are collected.

The next three grounds may be considered together. No. 2 is that the writ does not aver that relator has no other legal remedy; No. 3, that it fails to show that relator has exhausted his right of appeal to statutory tribunals, and No. 4, that relator has a specific and adequate remedy under other provisions of the School act, referring, of course, to hearings before the higher school officials and boards of the county and state. *Stockton* v. *Board,* 72 *N. J. L.* 80; *Jefferson* v. *Board,* 64 *Id.* 59.

It is, of course, true, as a general rule of pleading in *mandamus* cases, that the alternative writ should aver the absence of other adequate legal remedy; but in a case like the present such an averment is merely formal; for whether relator has another adequate legal remedy is a pure matter of law. Apart from the constitutional phases of the subject, section 125 of the School act (*Comp. Stat., p.* 4767), expressly provides that "no child between the age of four and twenty years shall be excluded from any public school on account of his or her religion, nationality or color;" and the same section makes violation of this rule a criminal offense. That the right is perfectly clear is settled by the decision of this court in *Pierce* v. *School Trustees,* 46 *N. J. L.* 76, affirmed by the Court of Errors and Appeals in 47 *Id.* 348. The school law in force at the date of that decision provided machinery similar to that now existing (*Rev.* 1877, *pp.*

1071 *et seq*); but it was not suggested in the Pierce case that such machinery should be first brought into play. In *Jefferson* v. *Board,* 64 *Id.* 59, in which it was said that the school law procedure should be first followed, the question was not one of exclusion but of transfer, and the Pierce case was expressly distinguished. We take the view, following the implication of the opinion in the Pierce case, that the absolute denial of a civil right, such as is averred in the record before us, renders the formal averment of no other adequate legal remedy a matter of supererogation, for if the court could pass the point on a rule to show cause and proceed at once to a peremptory writ, as it did in the Pierce case, there seems to be no logical reason for requiring such an averment of matter of law in an alternative writ based on the same legal theory. If we are correct about this, what has been said disposes also of grounds 3 and 4, as well as of ground No. 5, which is that relator's right is not clear.

The relator is entitled to a judgment overruling the demurrer; but as we gather from the printed case and the argument in open court that there may be matters which might constitute a valid defense, respondents may have until the 1st day of July next to make a suitable return; in default whereof, final judgment may be entered and a peremptory writ issued in accordance with the alternative writ, which follows the language of the Pierce case, *supra.*