## JACOB KATZ, RESPONDENT, v. MORTIMER INGLIS, APPELLANT.

Argued February 4, 1932—Decided May 16, 1932.

For the appellant, *Peter Cohn.*

For the respondent, *Abram I. Bluestein.*

The opinion of the court was delivered by

TRENCHARD, J. This action was brought by a landlord to recover rent from his tenant, the defendant below.

The plaintiff made a motion to strike out the answer and special defense to the third count (the other counts having been previously discontinued) and for summary judgment. That motion prevailed and this is the appeal of the defendant from that summary judgment.

The pleadings, and the affidavit filed by the plaintiff on his motion, disclose that the pertinent and undisputed facts were these and only these: On July 1st, 1924, the defendant

entered into possession of the plaintiff's premises under a void lease (void under the statute of frauds). He remained in the premises until January 1st, 1931, On October 1st, 1930, the defendant gave the plaintiff three months' notice that he was going to quit the premises on January 1st, 1931.

The plaintiff's contention was and is that the notice was insufficient in that the notice given by the tenant (defendant) was required to be for six months, expiring at the end of the current year of the tenancy.

That contention the trial judge found to be sound, and we think rightly.

Where, as here, a tenant has entered premises under a void lease, without more, the tenancy is a tenancy at will. *Den* v. *Drake,* 14 *N. J. L.* 523; *Sayre* v. *Roseville Motor Co.,* 85 *Id.* 10. See, also, *Comp. Stat., p.* 2610, § 1.

In order for a tenant at will to terminate the tenancy it is necessary for him to give to his landlord six months notice of his intention to quit, expiring at the end of the current year of the tenancy, when such requirement has not been otherwise modified by the agreement of the parties. *Den* v. *Drake, supra; Zabriskie* v. *Sullivan,* 80 *N. J. L.* 673.

Such was the common law and it has not been altered by statute. The defendant relies upon section 29 of the Landlord and Tenant act. *Comp. Stat., p.* 3077. But that section merely declares that, where any tenant is entitled to notice to quit, in order to determine his tenancy, three months notice to quit shall be sufficient. That does not alter the common law rule above stated because that statute merely changed the obligation of the landlord and not of the tenant (*Zabriskie* v. *Sullivan, supra*), and in this respect is like section 109 of the District Court act (*Comp. Stat., p.* 1989), considered in *Sayre* v. *Roseville Motor Co., supra.*

While the trial judge rightly concluded that the notice given by the defendant tenant of his intention to quit was insufficient, we are of the opinion that the entry of summary judgment in favor of the plaintiff cannot be sustained in view of the insufficiency of the only affidavit filed by the plaintiff in support of his motion.

Rule 80 of the Supreme Court (rule 57, Practice act, 1912), dealing with summary judgment reads: "When an answer is filed in an action brought to recover a debt or liquidated damages arising upon contract express or implied * * * the answer may be struck out and judgment final may be entered upon motion and affidavit as hereinafter provided, unless the defendant by affidavit or other proofs shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend."

Rule 81 (rule 58, Practice act, 1912), which deals with the characteristics and prescribes the requirements of the affidavit referred to in rule 80 upon which an answer may be struck out and summary judgment entered reads: "The motion to strike out shall be made upon affidavit of the plaintiff or that of any other person cognizant of the facts, verifying the cause of action, and stating the amount claimed and his belief that there is no defense to the action."

Now the plaintiff's affidavit upon which alone the judgment rests did not comply with the rule. Its substance and effect, as we have indicated, was limited to this: That on July 1st, 1924, the defendant entered into possession of the premises mentioned in the complaint; that the entry was made under a void lease; that no other lease or agreement was made between the parties; that no notice was ever served upon the plaintiff except that served on October 1st, 1930, to the effect that the defendant intended to vacate the premises on January 1st, 1931. The affidavit contained not a word about rent or the amount thereof; not a word as to the provisions of the lease under which entry was made. It contained no statement of the amount claimed by the plaintiff, and no statement of belief that there was no defense to the action. It is therefore certain that the affidavit did not comply with the requirement of the rules nor with the practice as defined in *Danenhower* v. *Birch,* 97 *N. J. L.* 193; *Eisele & King* v. *Raphael,* 90 *Id.* 219, and in our judgment it was insufficient as a basis for the summary judgment.

The judgment below will be reversed and the record remitted to the Circuit Court for further proceedings according to law.

*For affirmance*—None.

*For reversal*—The Chief Justice, Trenchard, Parker, Campbell, Lloyd, Case, Bodine, Donges, Van Buskirk, Kays, Hetfield, Dear, Wells, Kerney, JJ.   14.