MIDDLESEX COUNTY CIRCUIT COURT.

NO-WORRY CHEMICAL COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. DU-ALL CHEMICAL COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, AND LOUIS CICETTI, DEFENDANT.

Decided February 24, 1938.

For the plaintiff, *Kraemer, Siegler & Siegler.*

For the defendants, *Andrew B. Crummy* and *Francis A. Kraus.*

SMITH, JOSEPH L., C. C. J. This comes on a motion to strike the answer filed by the defendants as sham. The answer, in turn, raises objections in points of law, stating that the complaint sets forth no cause of action and that the statute upon which the complaint is based, is unconstitutional. Therefore, the sufficiency of the complaint as well as of the answer is now before the court.

The complaint is based on chapter 366 of the laws of 1933 (*N. J. Stat. Annual* 1933, § 25-43), and alleges that the defendants violated the provisions of section 7 of the said act, by having in their possession, without the written consent of the plaintiff, three hundred and eighty bottles and

sixteen cases bearing the registered mark of the plaintiff, and thereby became indebted to the plaintiff in the sum of $1,980, being $5 per container, as provided by the statute. The answer sets forth a general denial in addition to objections in point of law.

The affidavits in support of the answer allege an oral agreement. with the plaintiff for the exchange of bottles and cases, and further state that the defendants stand ready to deliver to the plaintiff said bottles and cases in their possession pursuant to such agreement.

It is contended by the defendants that the act is unconstitutional because the title does not set forth the object of the act, contrary to article 4, section 7, paragraph 4, of the New Jersey Constitution, which provides that every law shall embrace but one object, and that shall be expressed in the title. The act in question was entitled "An act concerning bottles, barrels, half-barrels * * * [and other types of containers and vessels enumerated in the title]." The point attempted to be made by the defendants is that the word "concerning" does not indicate the object, but merely designates the subject of the legislation; that the purpose of the act, the scheme intended by the legislature, is not expressed in the title. The general rule is that the title must express the subject-matter generally, together with an indication of the legislation respecting it. *Mortland* v. *Christian*, 52 *N. J. L.* 521; 20 *Atl. Rep.* 673. However, in *Sawter* v. *Shoenthal*, 83 *N. J. L.* 499; 83 *Atl. Rep.* 1004, the rule is given that the validity of the title is not to be determined by nice distinctions of etymology or definition of words, but by the facts of the case and the history of the legislation. Bearing in mind previous legislation on the subject, it appears clear that the title of the act gave notice to all those interested in the subject that the legislature, under the act, would deal with the whole subject of bottles, cases and similar containers enumerated in the title.

In *State* v. *Haight, Receiver*, 36 *N. J. L.* 54, "An act *relating* to taxes to be paid, &c.," was held not in violation of the constitutional provision herein discussed.

In *Rader* v. *Township of Union*, 39 *N. J. L.* 509, the statute in question was entitled "An act *in relation* to streets in Union Township, in Union County." Under this act, certain provisions were also made for parks. Chief Justice Beasley, holding that the act was invalid in so far as it attempted to make provisions for parks, held that the rest of the act was constitutional. He stated:

"The *object* of the legislation is described to be streets in Union township, and in the body of the act, power is given to construct a sewer and to make public parks   *   *   *."

Chief Justice Beasley then concluded that the legislation pertaining to sewers, under that act, was constitutional, because sewers may be said to be comprehended in a description purporting to relate to streets, but that the legislation concerning parks was outside the scope of the title.

It will be noted that the Chief Justice used the word "object" as synonymous with the subject-matter of the legislation and not necessarily as indicating the intended product. It is perhaps sufficient to note that the act was held constitutional in so far as it affected streets, although the title merely stated the the act was *in relation to* streets, without stating what the act *intended to accomplish* with reference to such streets. The constitutional objection, therefore, is not well taken.

It is further argued by the defendants that the affidavits in support of the complaint do not state that the possession of the defendants was without the written consent of plaintiff, stating only that it is without consent. This point is not well taken because if possession was without consent, it certainly was without written consent; the former is all inclusive. Incidentally, the argument is not addressed to any defects appearing on the face of the complaint, and therefore is improperly raised.

It is next urged by the defendants that the complaint does not negative the proviso contained in the statute. The said proviso states that any person having possession, by reason of purchase from the owner, shall not have violated the section until such person retains the containers for a period longer

than reasonably necessary after the removal of the contents thereof. The defendants urge that this proviso should have been negatived in the plaintiff's complaint. Defendants have stated no authority supporting the view. The proviso indicates circumstances which would constitute an affirmative defense, to be so pleaded. In determining the sufficiency of indictments in criminal law, it has repeatedly been ruled that an indictment for a statutory offense need not aver that the defendant is not within an excepted class, unless the exception is found in the enacting or prohibitory clause of the act. If it is found in a separate substantive clause, or in a subsequent statute, and is not an essential part of the description of the offense, it is a matter of defense. *Mayer* v. *State,* 64 *N. J. L.* 323; 45 *Atl. Rep.* 624.

Likewise, in the present case, the proviso sets forth circumstances constituting an affirmative defense; it does not set forth items necessary for the plaintiff's case. Therefore. it was not necessary to negative the proviso in the complaint.

It is concluded, therefore, that the complaint itself discloses a cause of action, and that the plaintiff's affidavit discloses nothing to negative such a cause of action.

As to the sufficiency of the defendants' answer and the affidavits supporting them, the defendants set forth an alleged oral arrangement or agreement for the exchange of bottles between themselves and plaintiff. It is true that the statute requires a written consent as justification for the various acts mentioned. The statute states that no person shall sell, buy, give, take or *possess,* use, dispose of or traffic in any bottles, barrels, &c., which are marked or distinguished with any registered mark or device. Taking the statute as a whole and pursuing its purpose, it is clear that mere physical possession is not what is prohibited, but possession of containers by a manufacturer for the purpose of making use of them for its own benefit or depriving the holder of the registered mark of the use of the said container is what is intended to be prohibited. Therefore, possession of the containers under an oral arrangement or agreement for the exchange of bottles between two manufacturers, would not be in violation of the statute, and would therefore constitute a good general defense.

In view of the substantial contradiction as to the facts on this point, raised by the affidavits of the respective parties, the motion to strike the answer as sham will not be granted. This is in accord with the rule expressed in *Jaeger* v. *Naef,* 112 *N. J. L.* 417; 171 *Atl. Rep.* 166.

It will also be noted that the plaintiff's affidavit in support of the motion contains no statement of belief that there was no defense to the action. This is necessary, under rule 81, and the lack of such a statement is fatal to the motion. *Katz* v. *Inglis,* 109 *N. J. L.* 54; 160 *Atl. Rep.* 314.

An order will be entered denying the motion to strike the answer.