26 N.J. Super. 245 (1953)
97 A.2d 701
HELEN GRETKOWSKI AND ANOTHER, PLAINTIFFS-RESPONDENTS,
v.
WILLIAM WOJCIECHOWSKI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 18, 1953.
Decided June 4, 1953.
*247 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Theodore Rabinowitz argued the cause for the respondents (Messrs. Grossi & Kanis, attorneys).
Mr. Harry Dvorken argued the cause for the appellant (Mr. Richard B. Magner, attorney).
The opinion of the court was delivered by BIGELOW, J.A.D.
This is an action for the possession of land, a species of action authorized by N.J.S. 2A:35-1 and Rule 3:74 in the stead of ejectment. The Law Division awarded summary judgment for the plaintiffs and the defendant appeals.
*248 The plaintiffs take title from Teofil Kawecki and Lucien Kawecki, his brother, who owned the property as tenants in common. Teofil died in 1949 and Lucien in 1951, both intestate, leaving the plaintiffs as their only heirs.
The defendant, on the motion for summary judgment, relied on his own affidavit, showing: In 1935 Teofil suggested that defendant move his business into the first floor of the house on the premises in suit, and defendant did so. In 1936 Teofil requested defendant to pay yearly the taxes, insurance premiums, and cost of maintenance of the property and of a certain other property, and in consideration thereof Teofil agreed that defendant would be permitted to use the premises. Lucien knew about this arrangement and consented to it.
Upon the oral argument before us, the plaintiffs suggested that the defendants affidavit relating to conversations and transactions with the two deceased brothers, should be disregarded because N.J.S. 2A:81-2 makes the defendant an incompetent witness. We strongly doubt whether the statute is applicable to affidavits submitted on a motion for summary judgment but, assuming that it may be applicable, it does not govern the present case, for the plaintiffs do not sue in a representative capacity but in their own right. The fact that they took title by descent from the decedents is immaterial. Shotwell v. Stickle, 83 N.J. Eq. 188 (Ch. 1914); Forbes v. Forbes, 137 N.J. Eq. 520 (Ch. 1946).
Accepting as we must the defendant's affidavit as true, it seems likely that he became tenant at will of the Kawecki brothers. "An estate at will in lands is that which a tenant has by an entry made thereon under a demise to hold during the joint wills of the parties to the same." 1 Washburn, Real Prop. (1887 ed.), 612, and see chapter XI for discussion of such tenancies. "As a general rule, a person who enters on land by permission of the owner for an indefinite period and without the reservation of any rent is a tenant at will by implication." Harris v. Frink, 49 N.Y. 24, 32 (Ct. App. 1872). A tenancy at will has been characterized as "a mere scintilla of interest." And it was *249 stated in the same case that "any act done upon the land by the lessor, in assertion of his title to the possession," puts an end to the tenancy. Ball v. Cullimore, 2 C.M. & R. 120, 150 Eng. R. 51 (Exch. 1835). Professor Washburn, at page 617, catalogued some of the acts which have been held to terminate the tenancy:
"Thus notice to quit, a demand of possession, an entry upon the land, whether tenant is present or not when made known to him, doing any act on the premises for which the lessor would otherwise be liable to an action of trespass at the suit of the tenant, carrying off stone or trees from the premises against tenant's will, making a feoffment on the land to a third party, threatening to take legal measures to recover the land, or selling, or leasing it."
It has been held that a strict estate at will may be terminated by demand for possession, without any notice. Nicholl v. M'Kaeg, 10 Barn. & Cr. 721, 109 Eng. R. 618 (K.B. 1830); 15 E.R.C. 671 and note.
In New Jersey, from an early day, our decisions have given considerably more stability to an estate at will than is suggested by the foregoing quotations. In McEowen v. Drake, 14 N.J.L. 523 (Sup. Ct. 1835), it was held that in all tenancies at will the tenant is entitled to half a year's notice to quit. We parenthetically note that by force of what used to be our Landlord and Tenant Act and is now N.J.S. 2A:18-56, the requisite notice to quit is three months instead of six. Standard Realty Co. v. Gates, 99 N.J. Eq. 271 (Ch. 1926). In Katz v. Inglis, 109 N.J.L. 54 (E. & A. 1932), it was even held that the notice must expire at the end of the current year of the tenancy. But the tenancy at will there under consideration arose by operation of the statute of frauds upon an oral lease. R.S. 25:1-1. The decision made the tenancy at will the equivalent of a tenancy from year to year. While that is a reasonable result of the ineffectual effort by the parties to create a term of three years or more, we doubt if the same rule should be applied to an ordinary tenancy at will, like the one now under consideration. See 51 C.J.S., Landlord & Tenant, § 173(b). At any rate, it is clear that the defendant Wojciechowski was *250 entitled to three months' notice to quit  unless one of the factors now to be considered leads to a different conclusion.
Did the death of the two Kawecki brothers put an end to the tenancy by will and relieve the plaintiffs of the necessity of giving any notice to the defendant? It has often been said that the death of either the lessor or lessee terminates the estate. James v. Dean, 11 Ves. Jr. 383, 32 Eng. R. 1135; 15 Ves. Jr. 236, 33 Eng. R. 744 (Eldon L.C. 1808); Radigan v. Hughes, 86 Conn. 536, 86 A. 220 (Conn. Sup. Ct. Err. 1913); Sabinske v. Patterson, 100 Ind. App. 657, 196 N.E. 539 (Ind. App. Ct. 1935); Ferrigno v. O'Connell, 315 Mass. 536, 53 N.E.2d 384 (Mass. Sup. Jud. Ct. 1944); 51 C.J.S., Landlord & Tenant, § 170. But in Morton v. Woods, L.R. 4 Q.B. 293, 306 (Exch. Ch. 1869), Kelly, C.B. said:
"When we come to look at the cases, it would rather seem that a tenancy at will may continue to subsist after the death of one of the parties, unless the heir or personal representative shall do something to manifest his intention to determine the tenancy."
Our New Jersey requirement of three months' or six months' notice makes the tenancy at will a much more substantial estate than it was considered to be at an earlier period. Such a requirement, operative in the ordinary case, seems inconsistent with the old rule that a sale by the landlord, or the death of the landlord, puts an immediate end to the tenancy. The notice to the tenant which our law requires, is intended for his protection, to give him time to readjust his affairs; it is as appropriate in one case as another. In our opinion, the death of the lessor does not determine the tenancy. See American Law of Property (1952), § 3.31.
There is a suggestion that upon the death of Teofil Kawecki in 1951 the defendant claimed title to the fee and denied the right of plaintiffs as successor to the landlord. In such case it has been held that the tenant forfeits his estate and may be treated as a trespasser, and no notice to quit is necessary. Hankinson v. Blair, 15 N.J.L. 181 (Sup. Ct. 1835); Calvert v. Frowd, 4 Bing. 557, 130 Eng. R. 883 *251 (C.P. 1828); 15 E.R.C. 652. See also 51 C.J.S., Landlord & Tenant, § 102, p. 679. But there is nothing in the record before us to show a denial of plaintiffs' title.
The plaintiffs, in a suit of this character, must show a present right of possession. Egan v. La Fera, 136 N.J.L. 566 (E. & A. 1947). They lack that right if defendant is entitled to occupancy. A motion for summary judgment should be granted only with much caution. Mitchell v. Wrightstown Community Apartments, 4 N.J. Super. 321 (App. Div. 1949); Puccio v. Cuthbertson, 21 N.J. Super. 544 (App. Div. 1952). It should be granted only if it is obvious that there is no genuine issue and that, as a matter of law, the moving party should have judgment. Hodes v. Dunsky, 5 N.J. Super. 333 (App. Div. 1949).
The judgment is reversed. Costs on the appeal shall await the outcome of the action.