133 N.J. Super. 63 (1975)
335 A.2d 84
SARAH FENNELL AND WILLIE FENNELL, HER HUSBAND, PLAINTIFFS,
v.
FRANCISCO FERREIRA, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 21, 1975.
*64 Mr. Elliot M. Bross for plaintiffs (Messrs. Horowitz, Bross and Sinins, attorneys).
Mr. Donald B. Connolly for defendant (Messrs. Oppenheim & Oppenheim, attorneys).
DWYER, J.S.C.
In an action brought for personal injuries sustained by Sarah Fennell in an automobile accident in New Jersey on September 8, 1973, defendant Francisco Ferreira moves for summary judgment against plaintiffs Sarah Fennell and Willie Fennell, her husband, on the ground that defendant is exempt from tort liability under N.J.S.A. 39:6A-8, a section of the No-Fault Law, N.J.S.A. 39:6A-1 et seq., based on answers to interrogatories which showed that the injury was "sprains of cervical spine *65 and left shoulder", and that the wife is no longer under treatment. Another answer refers to an attached medical report dated December 3, 1973 specifying the wife's medical expenses and treatments, here summarized as follows:
The following expenses are listed:

 Date Place Service Charge
 9/8/73 Office Initial examination and
 medication $35
 9/10/73 " X-Ray cervical spine 30
 X-Ray left shoulder 20
 9/10/73 to " Infra-red treatments,
 11/9/73 exam, medication 170
 ____
 $255

In the section of the medical report directed to whether or not wife's condition was permanent, the answer is "guarded", and an answer concerning present complaints is that wife still has pain and limitation of cervical motion.
In Hammond v. Doan, 127 N.J. Super. 67, 72 (Law Div. 1974), the court held that an action for declaratory judgment was not proper procedure to determine if exemption under N.J.S.A. 39:6A-8 made trial unnecessary but suggested that a motion for summary judgment if the facts were undisputed would be proper. Defendant's motion is apparently based on this suggestion.
The discovery in this case has been conducted under the applicable New Jersey court rules. Since plaintiffs' claim is based on tort liability and not for payment of benefits under N.J.S.A. 39:6A-4, defendant is probably limited to decide that question. Defendant's motion, therefore, is to discovery under the aforesaid rules and not entitled to discovery under N.J.S.A. 39:6A-13, but there is no need to be determined as would any other motion for summary judgment under R. 4:46-1 et seq.
Defendant urges that plaintiffs have the burden of establishing initially that they are not subject to the exemption and that if they do not, the answers to interrogatories show *66 that they have expended less than $200, the threshold for tort exemption, because the initial examination ($35) must be regarded as diagnostic and hence excludable from the threshold amount together with the X-ray charges ($50). If so, medical expenses would total $170 for treatment.
Plaintiffs urge that the exemption is an affirmative defense to be established by defendant and that the initial examination of the wife for purposes of deciding what treatment to administer must be regarded as treatment and not a diagnostic expense. See Harris v. Osorio, 125 N.J. Super. 463 (Law Div. 1973).
Counsel for neither party has referred the court to any decision construing the statute,[1] and the court has not found any New Jersey decision which answers the two questions posed. The court treats them in the order stated.
*67 Although not necessary for the decision in Rugamer v. Thompson, 130 N.J. Super. 181 (Law Div. 1974), the court there stated:
N.J.S.A. 39:6A-8 provides for exemption from tort liability and it has been suggested that tort exemption be treated like any other affirmative defense, such as charitable immunity, governmental immunity or contributory negligence. [at 186]
This is consistent with the view expressed in Iavicoli, No Fault and Comparative Negligence in New Jersey, § 57 at 139 (1973). Indeed, defendant in this matter asserted the exemption as the fourth separate defense in his answer.
These views are consistent with general guidelines for construing statutes containing exemptions. In 29 Am. Jur.2d, Evidence, § 147 at 179, it is stated:
Where an exception or exemption of a statute appears in the enacting clause thereof, the party relying upon the statute to establish a cause of action or defense must prove facts showing that his case does not come within the exception. However, where an exception or exemption appears in a different section, subdivision, or clause from that containing the enacting words of a statute, the party relying upon the statute need not prove that his ease [sic] does not some [sic] within the exception or exemption, but the burden of proof thereof is upon the opposite party.
In Schlemmer v. Buffalo, Rochester & Pittsburg Railway Co., 205 U.S. 1, 27 S.Ct. 407, 51 L.Ed. 681 (1907), Justice Holmes, in noting a proviso in § 6 of the Safety Appliance Act of 1893 that the act did not apply to four-wheel train cars, stated that if defendant wishes to rely on the proviso, he must satisfy the burden of bringing himself within the statutory exception.
This is the practice in New Jersey as well. In Raison v. Berkeley Tp. Bd. of Ed., 103 N.J.L. 547 (Sup. Ct. 1927), defendant demurred to plaintiff's complaint seeking an order based upon a statute directing the admission of his child to a school within the system, preferably the nearest one to his home, on the ground that the complaint failed to state that *68 no other suitable provision had been made for the admission of the child into a convenient school. The court overruled the demurrer and said:
* * * There are provisions in other sections [of the relevant statute] whereby for purposes of convenience such child may be assigned to another school, but they are exceptions not in the enacting clause, which need not be negatived by the relator [plaintiff] but should be invoked by the respondent [defendant]. State v. Terry, 73 N.J.L. 554; State v. Reilly, 89 Id. 627, 628; Wheatman v. Andrews, 85 Id. 107, 112, where other cases are collected. [at 5480; explanatory brackets supplied]
See No-Worry Chemical Co. v. Du-All Chemical Co., 16 N.J. Misc. 99, 197 A. 364 (Cir. Ct. 1938); Annotation, "Burden of Allegation and Proof In Civil Cases As Regards Exception In Statute," 130 A.L.R. 440 (1941).
The statutory exemption in the instant case is found in L. 1972, c. 70, § 8, and not in the enacting clause.
The New Jersey Automobile Insurance Study Commission Report (December 1971) contained the following recommendation concerning tort exemption:

Recommendation 3. Limited Tort Exemption for Certain Soft Tissue Injuries.

(3.0) The right of an injured person to bring an action in tort for damages over and beyond the benefits provided by PIPC (section 1.2) [Personal Injury Protection Benefits under No Fault Insurance] shall be guaranteed, provided however, that injuries involving and limited to "soft tissue" as to which medical treatment by a licensed physician, osteopath, or chiropractor is valued at not more than $100, will not be subject to payment of benefits in excess of those provided by PIPC. (Neither diagnostic nor hospital charges shall be included in valuing the medical treatment for such injuries.) This limitation shall not apply to fatal injuries.
The language of N.J.S.A. 39:6A-8 is not phrased in terms of creating a condition that a plaintiff must satisfy in order to sue. This statute is substantially different from that entitled Death By Wrongful Act, N.J.S.A. 2A:31-1 et seq., referred to by defendant, where a plaintiff should allege facts to bring himself, or herself, within the coverage *69 of the act. Cf. Engel v. Gosper, 71 N.J. Super. 573 (Law Div. 1962).
The language in question is better analogized to the language in the statute limiting charitable liability for negligence, N.J.S.A. 2A:53A-7 et seq.[2] It has been held in other jurisdictions that charitable status and the existence of facts which will bring an immunity doctrine into play are matters of defense to be proved by the defendant. Barrett v. Brooks Hospital, Inc., 338 Mass. 754, 157 N.E.2d 638 (Sup. Jud. Ct. 1959); White v. Central Dispensary and Emergency Hospital, 69 App. D.C. 122, 99 F.2d 355 (D.C. Cir.1938).
The court concludes that the exemption from tort liability afforded in N.J.S.A. 39:6A-8 is one that Plaintiffs do not have to negate, but Defendant must prove.
Accordingly, defendant has the burden of showing that the exemption is applicable. The first step is to show that the plaintiffs have a status to which the exemption applies, i.e., either plaintiffs are persons required to maintain the coverage required by the No-Fault Law or are persons entitled to receive benefits under the act, and that defendant has a status which entitles him to assert it  i.e., defendant is an owner registrant, operator or occupant of an automobile to which N.J.S.A. 39:6A-4 applies, or a person or organization *70 responsible for his acts or omissions. The second step in the process would be to plead the exemption and, if an assertion is made as to its applicability by motion for summary judgment, to establish by undisputed facts the exemption in the manner provided in R. 4:46.
On the record before the court, the complaint lists an address in New Jersey for plaintiffs and alleges ownership of a car involved in an accident in New Jersey on a date after the effective date of the statute.[3] No reply was filed as to the fourth separate defense setting forth facts that would negate plaintiffs being subject to the statute or the exemption. The allegations in the complaint suggest that plaintiffs probably are within the status, but the allegations do not state that the car was registered in New Jersey. The test for plaintiffs is whether they are required to have coverage under the statute. Defendant should have established this by affidavit.
The answer prepared and filed by an attorney for whom defendant's present counsel was substituted contains no address for defendant. See R. 1:4-1. It denies the allegation in the complaint concerning the assertion that defendant owned the car he was operating. There is no affidavit on file that states defendant was an "owner * * * [or] operator * * * of an automobile to which [N.J.S.A. 39:6A-4], personal injury protection coverage, regardless of fault, applies * * *." The standard for the defendant is that he in fact has the insurance coverage, and not just that he is required to have it, for otherwise § 4 of the act would not apply to him.
Defendant therefore has not made an initial showing that the exemption is applicable.
The decision of the first question makes it unnecessary to answer the second. The motion for summary judgment is denied.
*71 The court also denies plaintiffs' motion to impose sanctions in the form of costs against defendant. The legislation involved herein is new and there are no applicable decisions construing it in respect to the questions posed. Such assistance as the court received was in the form of letter memoranda from the respective parties after appearance on the motion. There is nothing in the record to indicate that defendant acted in bad faith or solely for the purposes of delay.
Submit order accordingly.
NOTES
[1] N.J.S.A. 39:6A-8 provides:

"Every owner, registrant, operator or occupant of an automobile to which section 4, personal injury protection coverage, regardless of fault, applies, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for damages to any person who is required to maintain the coverage mandated by this act, or to any person who has a right to receive benefits under section 4 of this act as a result of bodily injury, arising out of the ownership, operation, maintenance or use of such automobile in this State, if the bodily injury, is confined solely to the soft tissue of the body and the medical expenses incurred or to be incurred by such injured person or the equivalent value thereof for the reasonable and necessary treatment of such bodily injury, is less than $200.00, exclusive of hospital expenses, X-rays and other diagnostic medical expenses. There shall be no exemption from tort liability if the injured party has sustained death, permanent disability, permanent significant disfigurement, permanent loss of any bodily function or loss of a body member in whole or in part, regardless of the right of any person to receive benefits under section 4 of this act. Bodily injury confined solely to the soft tissue, for the purpose of this section means, injury in the form of sprains, strains, contusions, lacerations, bruises, hematomas, cuts, abrasions, scrapes, scratches, and tears confined to the muscles, tendons, ligaments, cartilages, nerves, fibers, veins, arteries and skin of the human body."
[2] N.J.S.A. 2A:53A-7 states:

"No nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society, or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the benefactions of such corporation, society or association; but nothing herein contained shall be deemed to exempt the said agent or servant individually from their liability for any such negligence." (L. 1959, c. 90, § 1).
[3] The historical note under N.J.S.A. 39:6A-1 states that L. 1972, c. 70, § 19 provided that "the required compulsory insurance, personal injury protection coverage benefits, and tort exemption provisions shall be mandatory on and after January 1, 1973." The accident occurred on September 8, 1973.