183 N.J. Super. 79 (1981)
443 A.2d 249
STATE OF NEW JERSEY, PLAINTIFF,
v.
RUDOLF FISCHER, DEFENDANT.
Superior Court of New Jersey, Law Division Middlesex County.
Decided December 7, 1981.
*81 William Smith, Assistant Prosecutor, for plaintiff (Richard S. Rebeck, Middlesex County Prosecutor, attorney).
Jack Venturi, for defendant (Wilentz, Goldman & Spitzer, attorneys).
DEEGAN, J.S.C.
Defendant challenges the constitutionality of N.J.S.A. 2C:37-2(c) and 2C:37-3(b)(2). The issues presented are those of first impression.
On June 6, 1980 Rudolf Fischer was arraigned on Indictment XXX-XX-XX. The indictment alleged conspiracy to promote gambling (N.J.S.A. 2C:5-2), unlawful promotion of gambling (N.J.S.A. 2C:37-2(a)(1)) and unlawful possession of gambling records (N.J.S.A. 2C:37-3).
Defendant contends that both N.J.S.A. 2C:37-2(c) and 2C:37-3(b)(2) foster presumptions violative of the due process requirements incorporated into the 14th Amendment. The court will address the statutes in chronological order.
Any evaluation concerning the constitutionality of a statute must implement the universally accepted rule of statutory construction that legislative acts are presumed valid. Smith v. Penta, 81 N.J. 65 (1979), app. dism. 444 U.S. 986, 100 S.Ct. 515, 62 L.Ed.2d 416 (1979); Grand Union Co. v. Sills, 43 N.J. 390 (1964). Likewise, although a number of interpretations would render a statute unconstitutional, a reasonable constitutional alternative must be used if available. 2A Sutherland, Statutory Construction (4 ed. 1973), § 45.11.
*82 The gist of defendant's argument with respect to the affirmative defense established by N.J.S.A. 2C:37-2(c) is that the crime, as defined in N.J.S.A. 2C:37-2(a)(1), the indicted offense, requires defendant to accept or receive money or other property pursuant to an agreement "whereby he participates or will participate in the proceeds ..."; a "player" as defined by N.J.S.A. 2C:37-1(c) is "a person who engages in any form of gambling solely as a contestant or bettor without receiving or becoming entitled to receive any profit therefrom ..."; therefore, by requiring defendant to prove that he is a player, as required by N.J.S.A. 2C:37-2(c), defendant is forced to disprove an element of the offense, namely, that he participated or agreed to participate in the proceeds. In sum, he maintains that the affirmative defense set forth in N.J.S.A. 2C:37-2(c) improperly shifts the burden of persuasion to defendant.
While it is true that the Due Process Clause requires the State to prove every element of the offense beyond a reasonable doubt, In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970); see Patterson v. New York, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) and Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), it is not "a constitutional imperative ... that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses relating to the culpability of an accused." Patterson v. New York, supra at 210, 97 S.Ct. at 2327; see N.J.S.A. 2C:1-13(b)(2).
In order for the State to convict a defendant pursuant to N.J.S.A. 2C:37-2(a)(1) it must be established beyond a reasonable doubt that (1) defendant knowingly "accepted or received money or other property" and (2) he did so "pursuant to an agreement or understanding with any person whereby he participates or will participate in the proceeds of gambling activity". While the State is required to shoulder this burden throughout the trial, N.J.S.A. 2C:37-2(c) gives a defendant the opportunity to utilize the following escape hatch:

*83 ... [I]t is a defense to a prosecution under subsection a. that the person participated only as a player. It shall be the burden of the defendant to prove by clear and convincing evidence his status as such player.
The court sees no difficulty in compelling defendant to carry the burden of establishing the fact that he is entitled to utilize the means of diversion provided by the Legislature. The legislative ability to exercise this discretion is no secret, for
... it is normally "within the power of the State to regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion," and its decision in this regard is not subject to proscription under the Due Process Clause unless "it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." [Patterson v. New York, supra at 201-202 [97 S.Ct. at 2322-23.]
Defendant cites the cases of Patterson v. New York, supra at 206-207, 97 S.Ct. at 2324-2325; Mullaney v. Wilber, supra and Holloway v. McElroy, 632 F.2d 605, 624-625 (5 Cir.1980), as standing for the proposition that an affirmative defense which negates an element of the offense is unconstitutional. Although defendant's interpretation is sound, his method of implementation is incomplete. Defendant would apply this rule in situations where the State has not presumed an element of the offense. Indeed, if this application were accepted, we would be hard-pressed to characterize any affirmative defense as constitutional. The Supreme Court in Patterson made it clear that such a result is a far cry from the desired one. See Patterson, supra at 214-215, 97 S.Ct. at 2329.
This court considers the approach used in Carter v. Jago, 637 F.2d 449, 455 (6 Cir.1980), and followed in Hooper v. Perini, 641 F.2d 445, 447 (6 Cir.1981) to be the appropriate application of Winship, Mullaney and Patterson and adopts the analysis therein. According to Carter, "[T]he thrust of an inquiry under Mullaney and Patterson is whether the State has defined the elements of the crime so as to presume a fact essential to guilt and then compelled the accused to negate that element of the crime." Carter v. Jago, supra (emphasis added). This statement is buttressed by the Supreme Court's own wording in Patterson wherein the Court said that their aim was to prevent *84 the Legislature from attaining the ability to "`declare an individual guilty or presumptively guilty of a crime.'" Patterson v. New York, supra at 210, 97 S.Ct. at 2327. As explained in Hooper v. Perini, Carter stands for the following proposition:
due process of law does not preclude a state, once having proved the fundamental elements of a crime beyond a reasonable doubt, from then placing the burden of proving an affirmative defense on the accused. In this setting, an instruction shifting the burden of proof does not remove from the prosecution the full burden resting upon it under In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970), but simply reflects a legislative evaluation of a party's superior access to the proof. [641 F.2d at 447]
Pursuant to the above application of Winship, Mullaney and Patterson, this court, as did United States Court of Appeals for the Sixth Circuit finds that the statute in question passes constitutional muster. Neither of the two elements of N.J.S.A. 2C:37-2: (1) accepting or receiving money or property, (2) with the understanding that defendant will participate in the proceeds, are presumed. Each element must be proved beyond a reasonable doubt; therefore, this defendant is not deprived of his due process right.
Finally, it must be noted that even if this court were required to apply the second step of the test utilized by Mullaney and Patterson, and explained in Carter and Hooper, N.J.S.A. 2C:37-2(c) would withstand defendant's constitutional challenge. Defendant contends that forcing him to prove he is a player mandates that he prove that he did not receive any profit other than his own personal gambling winnings. See N.J.S.A. 2C:37-1(c). He argues that by compelling him to prove the above, he is obliged to disprove the fact that he "participated in the proceeds." As New Jersey has been devoted to a comprehensive policy against all forms of gambling, State v. Hozer, 19 N.J. 301, 308 (1955); State v. Benevento, 138 N.J. Super. 211, 215 (App. Div. 1975); State v. Kuznitz, 36 N.J. Super. 521, 529-530 (App. Div. 1955), this court interprets "participating in the proceeds" as including receiving or accepting any profit (including gambling winnings) from a gambling activity. Pursuant to this interpretation, when one receives gambling winnings he is "participating *85 in the proceeds" of a gambling activity. In sum, the truth of the affirmative defense does not negate the second element of the offense as defined in N.J.S.A. 2C:37-2(a)(1). Therefore, defendant's motion to declare N.J.S.A. 2C:37-2(c) unconstitutional is hereby denied.
The defendant alleges that N.J.S.A. 2C:37-3(b)(2) offends the Constitution in the same manner as the previously discussed statute. The court applies the above reasoning to that statute and arrives at an identical result.
Pursuant to N.J.S.A. 2C:37-3(a) the State must prove the following elements beyond a reasonable doubt: (1) defendant had in his possession any writing paper, instrument or article which is "commonly used in the operation or promotion of a bookmaking scheme" or "commonly used in the operation, promotion or playing of a lottery or policy scheme or enterprise" and (2) he had knowledge of the contents of the item(s) found in his possession.
Neither of the above two elements are presumed; therefore, defendant's due process right is not violated. The effect of N.J.S.A. 2C:37-3(b)(2) is simply to create an exception which defendant must prove so as to avoid the criminal liability coexistent with his inclusion in N.J.S.A. 2C:37-3(a). Once the State proves the elements of N.J.S.A. 2C:37-3(a) beyond a reasonable doubt, guilt is established. However, despite the fact that the accused fits within the crime as defined, the Legislature allows the accused to come forth and prove he is entitled to benefit from the exception provided. Such a procedure has long been recognized as a valid one, see United States v. Henry, 615 F.2d 1223, 1234-1235 (9 Cir.1980); United States v. Cianciulli, 482 F. Supp. 585, 613 (E.D.Penn. 1979); State v. Terry, 73 N.J.L. 554, 557 (E.&A. 1906), and this court can see no reason to rule otherwise. Therefore, defendant's motion to declare N.J.S.A. 2C:37-3(b)(2) unconstitutional is also denied.