DANIEL A. HEMPSTEAD, PLAINTIFF–APPELLEE, v.
HARRY G. ROBINSON, JR., DEFEND-
ANT–APPELLANT.

Argued October 4, 1948—Decided October 18, 1948.

*Mr. Gerald T. Foley* argued the cause for the defendant-appellant.

*Mr. John E. Selser* argued the cause for the respondent (*Messrs. Selser & Shenier*, attorneys).

The opinion of the court was delivered by

ACKERSON, J.  This is an appeal from a judgment of the former Supreme Court, entered on the verdict of a jury in favor of the plaintiff and against the defendant at the Bergen Circuit.

The plaintiff sued to recover for personal injuries and property damage arising out of an automobile accident and the defendant counterclaimed for the same purpose.  The respective claims were submitted to the jury on the issues of negligence and contributory negligence of the respective parties.

The sole ground of appeal is alleged error in a part of the court's charge to the jury presently to be stated.  Before delivering this part of the charge the trial judge had explained to the jury that because of the counterclaim, each of the parties, Hempstead and Robinson, really appeared in two capacities; in other words that each was a plaintiff and a defendant, depending upon whether the main case or the counterclaim was for the moment under consideration.  The court then outlined to the jury the nature of Hempstead's complaint, the allegations of Robinson's answer and counterclaim and appropriately called attention to the fact that contributory negligence was asserted as a defense to each cause of action.  Then, after properly defining negligence "as a failure to exercise that degree of care in the given circumstances which a man of ordinary prudence would exercise under similar circumstances", went on to show how to apply this test of negligence to the conduct of the respective parties in the course of which he said:

"Likewise you should ask yourselves:  what did the defendant Hempstead (defendant in the counterclaim, but plaintiff in the main case) do in the operation of his automobile in those circumstances?  Did he act as the ordinary prudent man would have acted in the operation of that automobile in those circumstances?  If you conclude that he did, again you necessarily determine that he was free of any negligence in the manner in which he operated his automobile in those circumstances.

"On the other hand, if you conclude that he (Hempstead) did not act as the ordinary, prudent man would have acted in the operation of that automobile in those circumstances, then you *may* conclude that he was negligent in the manner in which he operated his automobile in those circumstances."

The last paragraph above quoted was duly excepted to, substantially on the ground that the word "may", as therein used, left it entirely in the discretion of the jurors to say whether, even if they found that Hempstead failed to exercise the care required of him by law, he was or was not guilty of negligence, whereas in the event they found him wanting in such care, they should have been instructed to find that he was negligent.

The trial judge fell into error in charging as he did upon this subject. Failure to exercise reasonable care under given circumstances is negligence. It is not within the power of the jury to say that such failure may or may not be negligence. Otherwise the application of a principle of law necessary to establish liability, or to support the defense of contributory negligence, would be left entirely to the caprice of the jury.

It is the province of the jury to determine the facts but the judge alone pronounces the law, and this must be done in such unequivocal terms as to leave no doubt in the minds of the jurors with respect thereto. Never should the jury be allowed to accept or reject an applicable principle of law as was done in the case sub judice.

The plaintiff argues that when the charge is read in its entirety it becomes clear that the jury could not have been mislead by the foregoing excerpt therefrom. This we do not find to be so. The fundamental issues in this case were the negligence and contributory negligence of the respective parties. At the close of the charge the jury was left free to find that, even though the party in question did not exercise reasonable care, he might, nevertheless, not be negligent. This was harmful error, for it went to the very root of the case.

The judgment below is reversed to the end that a trial de novo may be had.

*For reversal:* Chief Justice VANDERBILT and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING, and ACKERSON—7.

*For affirmance:* None.