130 N.J. Super. 181 (1974)
325 A.2d 860
NATALIE B. RUGAMER, PLAINTIFF,
v.
PAMELA THOMPSON, DEFENDANT.
Superior Court of New Jersey, Law Division.
September 18, 1974.
*183 Mr. Boyd G. Adelman for plaintiff (Messrs. Cohn & Lifland, attorneys).
Mr. Robert F. Colquhoun for defendant (Colquhoun, Kennedy & Brogan, attorneys).
ARNOLD, J.C.C., Temporarily Assigned.
Plaintiff filed a complaint alleging she sustained personal injuries as a result of defendant's negligent operation of an automobile on Martin Avenue in Oradell, New Jersey. Plaintiff claims she suffered soft tissue injuries as well as fractures of the left ribs, eight through ten. Her medical expenses, as defined by the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 et seq., are less than $200.
The matter is now before this court on defendant's motion for a summary judgment on the grounds that the claim is barred by N.J.S.A. 39:6A-8. At the conclusion of arguments the court rendered an oral opinion. This opinion is in supplement thereof.
Defendant contends that by virtue of N.J.S.A. 39:6A-8 she is exempt from tort liability and suit is barred for two reasons. One, conceding for purposes of argument, that plaintiff sustained fractures of ribs, nonetheless her claim is barred because the medical expenses are less than $200. Two, that there were no fractures and plaintiff has not sustained a permanent disability.
The determination of defendant's motion for summary judgment depends upon judicial construction of N.J.S.A. 39:6A-8, known as the tort exemption provision of the New Jersey Automobile Reparation Reform Act. The basic issue presented is whether a bone fracture in and of itself is sufficient to allow one to sue for personal injuries under the provisions of the statute or whether there exists the additional requisite that medical expenses equal or exceed $200 before the suit is allowed.
N.J.S.A. 39:6A-8 is entitled "Tort exemption; limitation on the right to damages," and reads as follows:
*184 Every owner, registrant, operator or occupant of an automobile to which section 4, personal injury protection coverage, regardless of fault, applies, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for damages to any person who is required to maintain the coverage mandated by this act, or to any person who has a right to receive benefits under section 4 of this act as a result of bodily injury, arising out of the ownership, operation, maintenance or use of such automobile in this State, if the bodily injury, is confined solely to the soft tissue of the body and the medical expenses incurred or to be incurred by such injured person or the equivalent value thereof for the reasonable and necessary treatment of such bodily injury, is less than $200.00, exclusive of hospital expenses, X-rays and other diagnostic medical expenses. There shall be no exemption from tort liability if the injured party has sustained death, permanent disability, permanent significant disfigurement, permanent loss of any bodily function or loss of a body member in whole or in part, regardless of the right of any person to receive benefits under section 4 of this act. Bodily injury confined solely to the soft tissue, for the purpose of this section means, injury in the form of sprains, strains, contusions, lacerations, bruises, hematomas, cuts, abrasions, scrapes, scratches, and tears confined to the muscles, tendons, ligaments, cartilages, nerves, fibers, veins, arteries and skin of the human body.
The court's duty in construing a statute is to determine the Legislature's intention, Highland v. Davis, 124 N.J. Super. 217 (Law Div. 1973), and to this end it must consider any history which may be of aid. State v. Madden, 61 N.J. 377 (1972).
In N.J. Senate Bill No. 956, introduced April 27, 1972, the right to sue for nonsoft tissue injuries was specifically set forth. That bill provided liability if the injury resulted in bone fracture, disfigurement, dismemberment, partial or total disability or death. The bill, however, died in committee.
If a bill covering the same topic never emerges from the committee it has no significant bearing on the matter of statutory construction. J.C. Chap. Prop. Owner's, &c. v. City Council, 55 N.J. 86 (1969).
Some of our sister states which have no-fault statutes permit suit for nonsoft tissue injuries. Massachusetts' no-fault statute, Acts of 1970, c. 670, § 5, states that "plaintiff may *185 recover * * * if * * * such injury * * * consists of a fracture." 7 Blashfield, Automobile Law and Practice, (1974 pocket parts), § 271-316 at 88.
Connecticut, in Substitute House Bill No. 5479, Public Act No. 273, § 5, allows recovery if there has been "fracture of any bone." 7 Blashfield, op. cit. § 271-316 at 112.
The allowance of a suit for nonsoft tissue injuries as well as serious soft tissue injuries makes good sense. As was said in 60A C.J.S., Motor Vehicles (1974 Supp), § 273.2 at 10, "Certain types of injuries could entail considerable pain and suffering which would warrant monetary compensation regardless of medical expense incurred. * * *"
The intent of the Legislature is to be found in the statute itself, Highlands v. Davis, supra, and the words in a statute are to be given their ordinary and well understood meaning in the absence of explicit indication of a special meaning. Lopez v. Santiago, 125 N.J. Super. 268 (App. Div. 1973).
The plain language of N.J.S.A. 39:6A-8 mandates the creation of a tort exemption only upon the concurrence of two events: one, a soft tissue injury, and two, medical expense of less than $200 exclusive of hospital expenses, X-rays and other diagnostic medical expenses.
Mario A. Iavicoli, the author of No Fault and Comparative Negligence in New Jersey (1973), served as legal counsel to the Automobile Insurance Study Commission and formulated and drafted the Commission's recommended legislation. In § 53 at 130 he states:
If the injury in question is other than one confined solely to soft tissue as defined in the act, an examination of the medical expenses to ascertain whether the $200 medical threshold has been satisfied is of no importance in that the injury itself has relegated the tort exemption inapplicable.
Therefore, if plaintiff has sustained a fracture of the ribs she may maintain her suit regardless of the amount of medical expense.
*186 With reference to defendant's second contention that plaintiff did not sustain a fracture, the court is faced with a bona fide issue of fact.
The New Jersey Automobile Reparation Reform Act does not appear to set forth the procedure to be followed. Ordinarily it is the province of the jury in a jury trial to determine the facts. Hempstead v. Robinson, 1 N.J. 32 (1948).
It has not been suggested that the court on this motion decide this issue of fact on the limited information before it. At the trial of the matter the judge could, in his discretion, try the issue of fact concerning tort exemption separately, or try it in the main action along with other factual issues.
N.J.S.A. 39:6A-8 provides for exemption from tort liability and it has been suggested that tort exemption be treated like any other affirmative defense, such as charitable immunity, governmental immunity or contributory negligence. When the applicability of the tort exemption provisions are dependent upon the determination of issues of fact, then those issues should be submitted to the jury for determination with appropriate instructions. See Iavicoli, op. cit., § 57 at 137.
Since the court has already determined as a matter of law that the New Jersey no fault statute allows suit for a bone fracture, the contentions of the defendant as to the lack of a permanent disability, associated with a possible rib fracture, are of no significance.
The motion for summary judgment is hereby denied.