133 N.J. Super. 145 (1975)
335 A.2d 598
ANTHONY PITTI, BY HIS GUARDIAN AD LITEM, DOMINICA PITTI, AND DOMINICA PITTI, INDIVIDUALLY, PLAINTIFFS,
v.
GORDON J. ASTEGHER AND MAURIZIO GARGANO, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 27, 1975.
*147 Mr. Kenneth D. Iulo for plaintiffs.
Mr. George M. Fieldman for defendant Gordon J. Astegher (Messrs. Hein, Smith and Berezin, attorneys).
Mr. Jeffrey L. Clutterbuck for defendant Maurizio Gargano (Mr. Samuel M. Lyon, Jr., attorney).
PETRELLA, J.C.C., Temporarily Assigned.
This jury case involved a two-car automobile collision on February 25, 1973 and falls within the applicable provisions of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 et seq., commonly called the "No Fault" law. Plaintiff was a passenger in the vehicle of the second defendant, who is plaintiff's cousin.
Plaintiff has already received full medical payments under the "Personal Injury Provisions" coverage (P.I.P.) of the applicable insurance policy for medical expenses incurred to date for the injuries attributable to the accident, including a fractured nose. There is a claim for future surgery claimed necessary with respect to the nose fracture, and there is no question that if necessary and causally related to the accident, the P.I.P. coverage will reimburse plaintiff for any such future expenses, notwithstanding any verdict.[1] Testimony was proffered as to the type of operation necessary and the usual time involved, length of hospitalization related thereto and pain and suffering attendant thereon in the usual case.
However, defendants assert that by virtue of N.J.S.A. 39:6A-12, no testimony should be allowed as to necessity *148 of any future treatment, related hospitalization or any future pain and suffering because that section of the statute makes inadmissible evidence of "amounts collectible or paid" pursuant to the P.I.P. coverage, N.J.S.A. 39:6A-4, as well as any additional personal injury coverage under N.J.S.A. 39:6A-10.
N.J.S.A. 39:6A-12 reads as follows:
Evidence of the amounts collectible or paid pursuant to sections 4 and 10 of this act [N.J.S.A. 39:6A-4 and 10] to an injured person is inadmissible in a civil action for recovery of damages for bodily injury by such injured person.
Consideration of section 12 of the No Fault law indicates that although evidence of amounts collectible or paid are inadmissible, there is no express preclusion of testimony as to necessity for future medical treatment necessary to heal plaintiff and his injury.
Defendants moved to preclude such testimony by plaintiff and argue that since evidence of amounts collectible in the future under P.I.P. is inadmissible, it necessarily follows that the fact of future treatments should be excluded under the statute. They urge that in any event failure to exclude such testimony would allow the jury to speculate as to such amounts, the inference being that the intent under the statute is to make inadmissible all references to future medical treatments which would be reimbursed by the insurance carriers, not only because of its speculative nature but because plaintiff is in effect assured payment thereof.[2]
In the event the jury finds from appropriate medical testimony that such future medical and hospital expenses are reasonably required for the examination, treatment and care of the injuries sustained by plaintiff as a proximate result of the negligence of either or both defendants, it may *149 award damages for future medical and hospital expenses. The test, as enumerated in Coll v. Sherry, 29 N.J. 166 (1959), is reasonable probability. To some extent the amount of such award, if the jury so finds it appropriate, is to be left to the good judgment of the finder of facts  the jury in this case. It is not a matter of mere speculation if there is some basis in the evidence admitted at the trial that in reasonable probability such treatments may be required. Id. at 174-175. This is, of course, subject to the countervailing requirement that plaintiff is under a duty to mitigate his damages if such a future operation or treatment is necessary. Lorenc v. Chemirad Corp., 37 N.J. 56, 78-80 (1962), and Budden v. Goldstein, 43 N.J. Super. 340, 350-351 (App. Div. 1957).
Some difficulties of proof may occur, particularly where N.J.S.A. 39:6A-6 has made changes in the usual "collateral source" rule. Compare Sporn v. Celebrity, Inc., 129 N.J. Super. 449 (Law Div. 1974).
The concern of the No Fault statute was to eliminate reliance on arbitrary formulas applying or encouraging multiples of damages. See Report of Automobile Insurance Study Commission to the Governor and the Legislature, Reparation Reform for New Jersey Motorists, at 61-62 (December 1971) and Iavicoli, No Fault & Comparative Negligence in New Jersey, at 90-92 (1973) (compare pages 44-45 as to certain future damages). For this reason evidence of dollar amounts already paid or collectible in the future are deemed inadmissible.[3] This does not preclude reference to the treatment. And even though future medical bills may be paid through P.I.P. payments, such payments would not take into account inconvenience, loss of time and pain and suffering which are normally taken into account in an award of damages.
*150 I find no basis in the New Jersey Automobile Reparation Reform Act or its legislative history, particularly N.J.S.A. 39:6A-12, mandating any substantial change in the law of damages, or warranting removal from consideration by the fact finder of the usual damage elements regarding future medical treatments.
Accordingly, the motions of defendants are denied, without costs.
NOTES
[1] Subject to possible reductions for the collateral items referred to in N.J.S.A. 39:6A-6.
[2] Defendants join in this argument because of the crossclaim for contribution (N.J.S.A. 2A:53A-1 et seq.) and because of the subrogation provisions of N.J.S.A. 39:6A-9.
[3] The issue of any conflict with the procedure for adopting and amending rules of evidence was not raised, and, therefore, is not considered. See N.J. Const., Art. VI, § II, par. 3 and N.J.S.A. 2A:84A-33 to 44.