JOHN SWEENEY AND HELEN SWEENEY, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. ERIC PRUYNE, DEFENDANT-APPELLANT.

Argued April 15, 1975—Decided May 13, 1975.

Mr. Robert D. Curran argued the cause for defendant-appellant (Mr. Curran, of counsel; Messrs. Vaccaro, Osborne & Curran, attorneys).

Mr. John W. Finamore, Jr., argued the cause for plaintiffs-respondents (Mr. Finamore, of counsel; Messrs. Grabow, Verp, Krulewitz & Finamore, attorneys).

PER CURIAM. In this rear-end automobile accident case, the trial judge, on defendant's motion, ordered that a new trial on damages be had unless John Sweeney, plaintiff herein, consented to a reduction of the $37,500 jury verdict in his favor to $20,000. On appeal by plaintiff,[1] the Appellate Division held that the order for a remittitur was error and reinstated the original jury award. The matter comes to us by virtue of a dissent in the Appellate Division.

We affirm the judgment of the Appellate Division substantially for the reasons given in the majority opinion, but add the following. This Court has on numerous occasions indicated what test should be applied in a situation where the jury's assessment of damages is claimed to be excessive. In Taweel, et al v. Starn's Shoprite Supermarket, 58 N. J. 227 (1971), we said at p. 236:

A trial judge should not interfere with the quantum of damages assessed by a jury unless it is so disproportionate to the injuries and resulting disabilities shown as to shock his conscience and to convince him that to sustain the award would be manifestly unjust. In making its overview, a court must accept the medical evidence in the most favorable light to the plaintiffs; it must accept the conclusion that the jury believed the plaintiffs' injury claims and the testimony of their supporting witness, and if, tested on such bases,

[1] The Appellate Division considered the matter on the merits even though leave to appeal had not been granted.

the verdict (even if generous) has reasonable support in the record, the jury's evaluation should be regarded as final. [Citation omitted]

Applying this test to the evidence in this case, we concur fully in the Appellate Division judgment.

Affirmed.

*For affirmance*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For reversal*—None.