150 N.J. Super. 431 (1977)
375 A.2d 1232
WALTER H. ZYCK, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
HARTFORD INSURANCE GROUP, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 17, 1977.
Decided June 7, 1977.
*433 Before Judges HALPERN, ALLCORN and BOTTER.
Mr. John R. Lanza argued the cause for appellant and cross-respondent (Messrs. Winget & Keating, attorneys; R. Dale Winget on the brief).
*434 Mr. Arthur G. D'Alessandro argued the cause for the respondent and cross-appellant.
The opinion of the court was delivered by ALLCORN, J.A.D.
Aside from the question of the disallowance of a counsel fee to plaintiff's attorney, the single issue to be resolved is the appropriate measure of damages to be used in computing the loss of income resulting to plaintiff due to his inability to perform his duties as a real estate salesman during the period of his disability, arising out of injuries received in an automobile accident. Both parties appeal from the trial judge's computation of the amount of personal injury protection income continuation benefits owing to the plaintiff under his policy with defendant  the basic benefit (N.J.S.A. 39:6A-4(b)) and the additional coverage benefit (N.J.S.A. 39:6A-10).
In our view, the evidence plainly establishes a partnership arrangement between plaintiff and his wife in the ownership and operation of the real estate agency which, on its face, reflects equal contributions by plaintiff and by his wife. While it is true that plaintiff may have been principally responsible for obtaining listings and effecting sales, no sales could have been made and no commission could have been collected by him without the brokerage license held by his wife  plaintiff having only a salesman's license. N.J.S.A. 45:15-3, 16. In addition to holding the essential broker's license, plaintiff's wife was present daily at the office supervising and discharging the customary functions associated therewith, while plaintiff was on the road performing the duties of his regular employment as a feed salesman.
In such circumstances the allocation to Mrs. Zyck of only 1 1/2% contribution to and interest in the partnership profits is completely unrealistic and unsupportable as representing her contribution to the business. In any event, the law is settled that, absent an agreement to the contrary, the profits of a partnership are to be shared equally between *435 or among the partners. N.J.S.A. 42:1-18(a); Tiedeck v. Pedrick, 122 N.J. Eq. 20, 23 (E. & A. 1937). The record here reveals no evidence of a contrary arrangement. Thus, the loss of income to plaintiff resulting from his inability to work must be measured on the basis of 50% of the net profits of the partnership  undiminished by any allowance for return on capital investment, since such investment was de minimis.
Plaintiff is entitled to be made whole only for the loss of his income, and not for damages measured by the value of his services to the business. Compare Woschenko v. C. Schmidt & Sons, 2 N.J. 269, 277-278 (1949). Consequently, a recovery calculated upon the gross commissions collected by the partnership on the sales effected by him is not warranted or merited. The policy of insurance issued by defendant insures plaintiff against loss of his income from the partnership; it does not insure the partnership against the loss to it of the value of the services of plaintiff.
So far as concerns the question of counsel fee, the allowance or disallowance thereof is a matter lying within the sound discretion of the trial judge in the light of the surrounding circumstances. R. 4:42-9(a)(6); Felicetta v. Commercial Union Ins. Co., 117 N.J. Super. 524, 528 (App. Div. 1971), certif. den. 60 N.J. 141 (1972). Our review of the record and the reasons set forth by the trial judge satisfy us that there was no mistake in the exercise of that discretion in the disallowance of a counsel fee to the attorneys for plaintiff.
In light of the foregoing, the determination of the trial judge fixing 98.5% of the net profits of Diamond Realty as the base to be used in computing the weekly income continuation benefits under the policy is reversed, and the cause is remanded to the Law Division to compute said benefits on a base of 50% of the net profits of Diamond Realty and to amend the judgment accordingly; and that *436 portion of the judgment denying to plaintiff's attorneys a fee for their services is affirmed.
No costs.