155 N.J. Super. 494 (1978)
382 A.2d 1162
MARTIN FITZGERALD, PLAINTIFF-APPELLANT,
v.
SHIRLEY WRIGHT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 20, 1977.
Decided January 23, 1978.
*495 Before Judges HALPERN, LARNER and KING.
Mr. Anthony P. Bufano, Jr., attorney for appellant.
Mr. J. Allan Provan, attorney for respondent (Mr. Roy H. Binder, on the brief).
*496 The opinion of the court was delivered by LARNER, J.A.D.
This appeal concerns the propriety of an involuntary dismissal granted by the trial judge because of the failure of plaintiff to present evidence of the quantum of medical expenses which would qualify him to recover in tort under the no fault law of this State (New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 et seq.).
Plaintiff was injured in an automobile accident involving two vehicles and operators admittedly subject to N.J.S.A. 39:6A-4 requiring personal injury protection coverage regardless of fault. Neither plaintiff nor defendant initiated any pretrial proceeding to test whether plaintiff's injury and/or medical expenses were such as to overcome the tort exemption granted by § 8 of the act. N.J.S.A. 39:6A-8. The complaint alleged "serious injuries both of a permanent and temporary nature," as well as damage claims for medical expenses and lost income. The answer generally denied the allegations and among other affirmative defenses, asserted that "The plaintiff has failed to meet the Tort Exemption as outlined in N.J.S.A. 39:6A [39:6A-1] et seq."
The case proceeded to trial where the only evidence as to injuries and medical treatment came from the mouth of plaintiff. On these issues he testified "My forearm and my face were cut * * * and my face and my back and neck and head hurt from being banged around." He received emergency treatment at a hospital and was subsequently treated by Dr. Briggs of Clifton because of complaints referable to his back, neck and head. The doctor and his nurse administered massage and heat treatments "about 20, 25 times."
Plaintiff also testified that he was a student and that his injuries interfered with his athletic activities of wrestling and football. After the last medical treatment his condition was "a lot better."
The trial was carried to the second day because of counsel's application to reopen to present another fact witness. *497 The next morning that witness was not produced and plaintiff rested. Defendant thereupon moved for an involuntary dismissal on the ground that plaintiff had failed to establish the statutory threshold of medical expenses of $200 in order to recover in tort against defendant. After arguments by both counsel the judge granted the motion for dismissal, holding that plaintiff had failed to prove the threshold requirement as a prerequisite of the existence of a cause of action in tort. Plaintiff appeals from that ruling.
It is clear that plaintiff did not sustain a permanent disability or disfigurement and that his claimed injuries were confined solely to the soft tissues of the body. Hence the narrow question is whether there was sufficient proof in the record to overcome the $200 statutory threshold.
There is little doubt that plaintiff failed to present any evidence of monetary expenses paid or incurred for the medical treatment necessitated by the injuries sustained in the accident. Nor did plaintiff suggest or offer to prove that element of the case through any factual presentation at side bar out of the presence of the jury.
The status of this record brings into sharp focus the troublesome procedural problems relating to the burden of going forward and the burden of persuasion on the issue of applicability of the tort exemption in the no fault law. Defendant relies upon the Law Division opinion of Seskine v. Cone, 139 N.J. Super. 307 (Law Div. 1976), which resulted in an involuntary dismissal because of failure of proof by plaintiff of the medical expense threshold. Plaintiff on the other hand relies upon the Law Division opinion to the contrary of Fennell v. Ferreira, 133 N.J. Super. 63 (Law Div. 1975), which held that the burden of proving the negative for the tort exemption rests with the defendant as an affirmative defense. The issue has not as yet been determined in the appellate courts of this State.
It is manifest that the purpose and design of the no fault law are to curtail litigation in the area of automobile personal injury claims by providing a system, of personal *498 injury protection regardless of fault. This system, in turn, was intended to furnish expeditious and inexpensive compensation to an injured person for his economic losses within certain limitations and also to reduce the ever increasing premium rates for automobile liability insurance. See Iavicoli, No Fault and Comparative Negligence in New Jersey (1973). The Legislature thus eliminated many tort recoveries arising out of automobile accidents where the parties involved were protected by and carried the personal injury protection coverage mandated by the statute. However, it did not eliminate tort recoveries in toto, reserving the cause of action for tort in death cases or serious bodily injury cases involving permanent injury or loss of function, permanent and significant disability, or dismemberment. In addition where the injury is confined solely to soft tissue, recovery was retained as a right if the medical expenses for reasonable and necessary treatment equal at least $200.
From the foregoing, it would appear that the injured person has no basis in an appropriate soft injury case to prosecute a tort action unless his injury has necessarily and reasonably required medical expenditures of $200 or more. See Montag v. Bergen Bluestone Co., 145 N.J. Super. 140, 145-149 (Law Div. 1976).[1]
We are mindful of the fact that the statutory provision is couched in terms of an "exemption" from tort liability  an immunity granted to a defendant under the designated factual circumstances. Apparently some courts have placed great stress on this terminology in arriving at the conclusion that the burden of alleging and proving such exemption is an affirmative burden of the defendant. See Fennell v. *499 Ferreira, supra; Rugamer v. Thompson, 130 N.J. Super. 181, 186 (Law Div. 1974); see also, Rescigno v. Picinich, supra, 151 N.J. Super. at 597-598; Falcone v. Branker, 135 N.J. Super. 137, 152 (Law Div. 1975).
We do not consider that the choice of the statutory terminology of "exemption," its particular placement in the statute, or the traditional burden of the party invoking a statutory exemption to prove the facts entitling him to such exemption, should control the question in the context of this legislation. The issue is better viewed from the standpoint of pragmatic implementation of the legislation rather than from the point of view of abstract principles of statutory construction. Common sense and judgment should prevail over dependence on form.
Obviously, it is plaintiff-claimant who is privy to the knowledge and information required to determine whether the threshold has been met. Defendant is in no position to undertake affirmative proof of plaintiff's nonqualification except as he may ferret out the requisite data through discovery. Whether or not compliance with the threshold is technically considered as an essential element of a cause of action in tort since the adoption of the no fault law, nevertheless it is a precondition to recovery. Fairness and efficiency dictate that plaintiff should have the burden of proving compliance with that threshold in order to establish a prima facie case. Since he has the requisite information he should be obligated to come forward with the same as part of his case. Campbell v. United States, 365 U.S. 85, 96, 81 S.Ct. 421, 427, 5 L.Ed.2d 428, 437 (1961); 9 Wigmore, Evidence (3 ed. 1940), § 2486; cf. Chase Manhattan Bank v. O'Connor, 82 N.J. Super. 382, 387 (Ch. Div. 1964), in which the parties had equal opportunity to ascertain the facts.
To shift this burden to defendant in the guise of categorizing the exemption as an affirmative defense does not accord with the realities inherent in the litigation process. And as a corollary, since plaintiff cannot recover in the absence *500 of evidence of compliance with the threshold requirement, he should have the burden of proof on this issue  a burden which is not onerous or unreasonable.
In the context of the record herein the court below was amply justified in granting the dismissal. In reaching this conclusion, we do not hold that plaintiff must produce a physician in order to prove the medical expenses or their necessity and reasonableness. Such a rigid requirement would be too burdensome for the limited purpose of demonstrating qualification for the statutory threshold.
Since, as we shall discuss below, the court must determine the question of compliance with the threshold, proof thereof can be submitted in various ways. A plaintiff may testify as to the names of physicians and the amount of their bills, or he may testify or submit documentation as to the medical payments made by the PIP carrier, or he may produce checks, bills or other evidential material which will establish on a prima facie basis that the medical expenses equal at least $200.
The proof of medical expenses in any manner should suffice as a prima facie basis for the prosecution of a tort action. Since the single element of the quantum of medical expenses incurred or paid is not usually the subject of a genuine dispute or, if in dispute, may be contradicted by finite evidence by defendant, its admission is not harmful to defendant and may be justified under Evid. R. 3 which provides:
In civil proceedings, if the judge finds at the hearing that there is no bona fide dispute between the parties as to a material fact, such fact may be proved by any relevant evidence, and exclusionary rules shall not apply, except for Rule 4 or a valid claim or privilege.
If defendant contests the reasonableness or necessity of these expenses, it should be his burden to come forth with evidence in support of his contention subject to any countervailing evidence by plaintiff. Although this shifting of the burden of going forward may conflict with the norms of *501 proof of reasonableness and necessity of medical expenses in the context of a personal injury action, nevertheless we deem it fair and just to relax the rule as it applies to the limited issue of compliance with the statutory threshold. Although defendant has this burden of going forward with evidence on the issue of reasonableness and necessity, we do not thereby in any way modify the burden of the claimant to prove by a preponderance of the evidence that the medical expense and its reasonableness and necessity conforms with the statutory requirement.
It is manifest, however, that even on the basis of the foregoing relaxed proof requirements plaintiff herein did not establish a right to recovery. The record is barren of any reference to the amount of medical expenses incurred in the treatment of plaintiff's injuries.
For the future guidance of the bench and bar we deem it appropriate to consider the procedural problems created by the adoption of the no fault law. The legislation does not contain any provision relating to when, how, or by whom the question of compliance with the threshold requirement should be decided. Nor have our court rules been amended to fill this void.
It is significant that the act renders inadmissible in a tort action evidence of amounts collectible or paid as personal injury protection benefits. N.J.S.A. 39:6A-12. See Eckmeyer v. Colburn, 138 N.J. Super. 164, 168 (Law Div. 1975). Despite this, some trial courts have opted for a jury determination of any fact dispute relating to compliance with the threshold requirement of the statute. See Rugamer v. Thompson, supra, 130 N.J. Super. at 186; Hammond v. Doan, 127 N.J. Super. 67, 73 (Law Div. 1974). See also Iavicoli, op. cit., at 137-140.
It is difficult to conceive of a sound rationale in trial practice which would require a jury to pass upon a factual dispute arising out of the threshold prerequisite to recovery when the jury is inhibited from consideration of evidence of monetary losses encompassed within PIP coverage. To *502 insulate the jury from the prejudicial effect of such inadmissible evidence would require a cumbersome procedure of impaneling one jury for the threshold question and another jury for the substantive tort claim if the first jury decides that the threshold has been reached.
Manifestly, the ideal procedural tool is a pretrial motion for summary judgment where discovery reveals that plaintiff has not met the threshold requirement. If, however, this issue is a matter of factual dispute, obviously summary judgment is inappropriate. Nevertheless, we do not find any impediment to a pretrial hearing in which the court decides the factual dispute. In fact, such a pretrial disposition is in harmony with the intent of the no fault law to remove minor cases from the courts. To postpone the determination of compliance with the threshold requirement to the time of trial with the full panoply of jury consideration would frustrate the legislative purpose that trials and concomitant expense be reserved only for those cases which deserve the use of the full judicial resource because of the severity of the injury incurred. Professor David Herbert Schwartz, in his article on the New York no fault law made the following comment:
If the litigative system cannot resolve this issue early in the dispute, both parties must proceed under a Damoclesian uncertainty. Is this case to be evaluated under conventional tort damage measures, or, rather, by the minimal standards of no-fault first-party claims? While the question remains open, settlement seems unlikely. Upon resolution of the question, both sides may at least evaluate the option of settlement with some basic knowledge of the standards which are to govern the recovery. Moreover, if in fact plaintiff has no place in the plenary process because he has failed to traverse the threshold, and if no-fault's claims to economy and calendar unburdening are to be justified, this "small case" should consume neither court time nor the defense budgets of the insurance industry. In short, if the procedural system cannot find a way to keep cases that belong in no-fault out of the courthouse, the system is not going to work. If any early rejection system is built into the dispositive motion practice, however, a pre-censorship exercised by plaintiffs and their counsel is likely to be prompted, thus inhibiting wasted forays into the plenary litigation system. [Schwartz, "No-Fault Insurance: *503 Litigation of Threshold Questions under the New York Statute  The Neglected Procedural Dimension," 41 Brooklyn L. Rev. 37, 53 (1974)]
This entire problem relating to pleading and procedure addressed to the necessities of the no fault legislation should be considered by the Civil Practice Committee and resolved by the Supreme Court through appropriate rule amendments. In the meantime, it is our opinion that all issues, factual and legal, relating to qualification and threshold compliance under N.J.S.A. 39:6A-8 should be determined by the court prior to trial.[2] Attorneys should cooperate in this endeavor by initiating an appropriate motion early in the process. In the occasional instance where the matter has not been presented prior to trial, the court should dispose of the issue on the trial date by a non-jury plenary hearing before impaneling a jury.
Our conclusion that a judge rather than a jury should decide the preliminary question of exemption from tort liability on facts and law is not novel in our practice in analogous situations. For example, the Supreme Court in Lopez v. Swyer, 62 N.J. 267, 274 (1973), decided that factual and legal issues relating to the application of the discovery rule to the defense of the statute of limitations "can better be done by a judge than by a jury." Similarly on questions of jurisdiction of the person or the subject matter, issues of fact are traditionally decided by a judge without the intervention of a jury. See Caine v. Anchor Petroleum Co., 65 N.J. Super. 271 (App. Div. 1961).[3]
*504 The question of qualification or threshold compliance as a precondition to prosecute a tort action is ultimately a legal one primarily for judicial determination within the framework of the legislative enactment. Where a fact dispute must be determined as an element of that decisional process it is more appropriate, efficient and less confusing for the judge to decide that dispute as well. We find no justifiable reason for insistence upon the awkward and cumbersome interjection of a jury in this sphere of fact-finding.
Affirmed.
NOTES
[1] The holding of Montag v. Bergen Bluestone Co., supra, dealt with the date of accrual of a cause of action under the no fault law for the purpose of the applicability of the statute of limitations. We do not undertake herein to consider the propriety of that holding. Cf. Rescigno v. Picinich, 151 N.J. Super. 587 (Law Div. 1977).
[2] Note that this does not apply to a fact question relating to the portion of N.J.S.A. 39:6A-8 which permits total recovery for "death, permanent disability, permanent significant disfigurement, permanent loss of a body member in whole or in part." This facet of qualification may appropriately be determined by a jury at trial in response to special interrogatories.
[3] See also, Evid. R. 8 dealing with preliminary inquiry by a judge relating to qualification of a witness, admissibility of evidence or the existence of a privilege. This rule permits great liberality in connection with the inquiry, including the establishment of the burden of going forward and the burden of proof, and the inapplicability of the Rules of Evidence.