156 N.J. Super. 208 (1978)
383 A.2d 749
ROBERT A. CLIFFORD AND KAREN I. CLIFFORD, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
STACY B. OPDYKE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 15, 1978.
Decided February 23, 1978.
*209 Before Judges HALPERN, LARNER and KING.
Messrs. Gebhardt & Kiefer, attorneys for appellant (Mr. William M. D'Annunzio, of counsel).
*210 Messrs. Morrow and Benbrook, attorneys for respondents (Mr. Donald W. Morrow, on the brief).
The opinion of the court was delivered by LARNER, J.A.D.
Robert A. Clifford and his wife Karen I. Clifford were injured in an automobile accident with the vehicle operated by defendant Stacy B. Opdyke. The cause of action accrued on December 5, 1975 and was therefore controlled by the provisions of the No Fault Law (N.J.S.A. 39:6A-1 et seq.). A jury trial resulted in a verdict for Karen in the sum of $3,000 and for Robert in the sum of $7,500, and judgments were entered accordingly.
Defendant's motion for a new trial as to damages awarded to Robert was denied by the trial court. Defendant appeals only from that judgment entered in favor of Robert, seeking a new trial on the ground that the damage award was against the weight of the evidence and that the trial judge committed error in his charge to the jury.
Our perusal of the charge as a whole in the context of the evidence in the record impels us to conclude that the court's instructions to the jury contained prejudicial error requiring a reversal. The focus of the error to which we refer relates to that portion of the charge which permitted the jury to consider permanent disability in its evaluation of the damages to be awarded to plaintiff despite the absence of competent evidence of such permanency.
The court instructed the jury on this subject in the following manner:
Now, a plaintiff who is awarded a verdict is entitled to fair and reasonable compensation for any permanent or temporary injury resulting in disability to or impairment of his or her faculties, health or ability to participate in activities, as a proximate result of the defendant's negligence. Disability or impairment means worsening, weakening or loss of faculties, health or ability to participate in activities. The measure of damages is what a reasonable man or woman would consider to be adequate and just under all the circumstances of the case to compensate the plaintiff for his injury and his consequent disability and impairment, no more and no less.
*211 Now, I believe that there was testimony that Mr. Clifford is 31 years of age; is that correct, he gave his age as being  I'm sorry, the accident happened on Route 31, I thought that was a little too young. He gave his age as 35. Mrs. Clifford gave her age as 30, as I recall it. I only mention that to you because there is a life expectancy which is contained in our court rules, and the court rules. Mr. Haney, thank you very much for looking that up for me, the table of life expectancy, so far as a man, age 35, it is 36.86 years. And the female who is aged 30 has a life expectancy of 46.96 years.
Now, this is an estimated figure based upon the probable length of life based upon statistical data, it is contained in an actuarial table, I will hold it up for you so you might see it, it is an actuarial table attached to the rules of court.
All right, and of course as a general rule you should use it with caution in an individual case. The plaintiffs may live longer than actuarial life expectancy tables described or may die or be killed in a much shorter period of time. You should consider the life expectancy figure in your determination of damages if any are to be awarded for pain and suffering, disability and impairment of the future, if you find that it may occur in the future based upon the evidence submitted so far. Again, you should exercise your sound judgment in applying the life expectancy table without treating it as a necessary and fixed rule. Of course today you are entitled to take into consideration the limited value of the dollar. You are entitled to take into consideration inflation, and of course you have a right to consider and take into consideration all those other factors which tend to indicate to you that these people have suffered injuries and/or damage and that they should be awarded fairly and adequately under the circumstances now given to you in light of what they say that they have undergone and also, based upon the life expectancy if you find that either or both of their injuries are permanent in nature along the line of the life expectancy table.
One of the objections to the charge, as articulated by defense counsel and rejected by the court was:
There is no evidence in this case upon which a verdict for permanent disability can be rendered.
THE COURT: I disagree.
MR. D'ANNUNZIO: Your Honor has charged as to permanent disability and Your Honor has emphasized that charge by reference to inflation and by reference to life expectancy.
THE COURT: Yes, sir.
The same issue raised on the motion for new trial was again repudiated by the court.
*212 The foregoing excerpt from the charge clearly presented to the jury the issue of permanent disability. In addition to the direct reference to permanent disability as an element of damage applicable to both plaintiffs, the judge's extensive explanation of the life expectancy tables could only be relevant to a case involving a claim for such permanent injury.
Although this charge on the law may be correct in the abstract, its impropriety stems from the absence of a factual basis for a jury finding of permanent disability. Unless the record reflects some evidence from which the jury could have found a reasonable probability that plaintiff sustained a permanent injury, the charge presenting such an issue to the jury was prejudicially erroneous. See Coll v. Sherry, 29 N.J. 166, 174-175 (1959); Budden v. Goldstein, 43 N.J. Super. 340, 346-347 (App. Div. 1957); see also Annotation, "Sufficiency of Evidence, in Personal Injury Action, to Prove Permanence of Injuries and to Warrant Instructions to Jury Thereon," 18 A.L.R.3d 170 (1968).
The question of the prognosis of an injury and probable permanent disability is one necessarily within the ambit of expert medical opinion (except for disabilities which are apparent to a layman, such as an amputated body member). And the burden of proving such permanency by competent medical testimony rests of course with plaintiff.
Dr. Schapiro, the treating physician produced by plaintiff, was the only medical witness in the case. His last examination of plaintiff took place just six days prior to the trial. He negated any claim of permanent disability in the following excerpt from his testimony:
When I last saw the patient which was on April 21, 1977, I advised the patient that I did not find any evidence of any chronic disease or any permanent disability resulting from his injuries. That I felt he could be fully active without concern that he might produce further injury or otherwise interfere with his rehabilitation process and that indeed full activity would hasten his recovery from his remaining symptoms. Therefore, I would say that my prognosis *213 in regard to Mr. Clifford is good, meaning that I feel that this patient should recover from his remaining symptoms.
In view of this testimony and the absence of any other opinion evidence from which a jury could conclude, inferentially or otherwise, that plaintiff sustained a permanent disability, the court erred in charging the jury on that element of damage.
In view of the necessity of a new trial we deem it appropriate to comment on certain trial occurrences in order to avoid their repetition hereafter.
Since this case is governed by the No Fault Law, testimony as to the amount of lost wages and medical expenses collectible or paid as PIP benefits under §§ 4 and 10 of the act is not admissible in evidence. N.J.S.A. 39:6A-12[1] This provision of the statute was disregarded by plaintiff's counsel in the nature of the questions posed to his client. As a result the judge undertook in his charge to give a curative instruction by which he embarked upon an explanation of the No Fault Law with its $200 threshold in the absence of permanent injury.
There is no need to instruct the jury as to the provisions of the No Fault Law, its threshold requirement or the inadmissibility of monetary losses.[2] These are matters for the court and not for the jury.[3] The evidence which is inadmissible under the act should not be offered by counsel in the first place, and if it is improperly suggested, it should be stricken with an immediate charge instructing the jury that the case does not involve a claim for such losses and *214 that they should not be considered as an element of damage. Reference to the legal effect of the No Fault Law should be avoided except for a reference in the main charge that the claim is limited to damages for pain, suffering and disability and does not encompass claims for medical expenses or lost income.
Reversed and remanded for new trial on damages only.
NOTES
[1] This does not apply to monetary losses not covered by PIP payments nor does it exclude evidence of the nature and extent of medical treatment and time out from work. See Pitti v. Astegher, 133 N.J. Super. 145 (Law Div. 1975); Iavicoli, No Fault & Comparative Negligence in New Jersey, at 90 (1973).
[2] Unless they are admissible as non-PIP losses.
[3] See Fitzgerald v. Wright, 155 N.J. Super. 494 (App. Div. 1978).