LEONARD SERRATORE AND LORRAINE SERRATORE, PLAIN-
TIFFS–RESPONDENTS, v. MICHAEL NARDI AND DYAN
NARDI, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued November 8, 1989—Decided January 10, 1990.

Before Judges BROCHIN and COHEN.

*Renee E. Scrocca* argued the cause for appellants (*Powell, DeAngelis & Powell,* attorneys; *Renee E. Scrocca,* on the brief).

*Brian L. Katz* argued the cause for respondents (*Walker and Dansky,* attorneys; *Brian L. Katz,* on the brief).

The opinion of the court was delivered by

BROCHIN, J.A.D.

Plaintiffs Leonard and Lorraine Serratore sued defendants Michael Nardi and Dyan Nardi for injuries sustained when a car owned by Mr. Nardi and driven by Ms. Nardi ran into the rear of the car in which the Serratores were riding. At a trial limited to liability, the complaint against Mr. Nardi was dismissed and the jury found that the Serratores were not negligent, that Ms. Nardi was 70 percent negligent and that an unknown driver was 30 percent negligent. Prior to a trial to determine the amount of damages, Ms. Serratore's claim was settled. At the damage trial, the jury returned a verdict for plaintiff Leonard Serratore in the amount of $225,000. Defendant Nardi moved to set aside the verdict and for a new trial, and her motion was denied.

Defendant has appealed. She alleges that she was denied a fair trial because "the trial court's treatment of defense counsel throughout the conduct of the trial was such as to convey to the jury an impression that the court was partial to and prejudiced in favor of plaintiff and against defendant." She also contends that her motion for a new trial should have been granted because the amount of the verdict was so clearly excessive as to constitute a miscarriage of justice under law. Lastly, she alleges that the trial court erred by refusing to permit her to ask Ms. Serratore whether the car in which she and Mr. Serratore were riding at the time of the accident was insured under an automobile liability policy which provided PIP coverage including reimbursement for lost wages.

In view of defendant Nardi's contention that the trial judge conducted himself unfairly toward her and her attorney, we have carefully reviewed the transcript of the entire trial. The judge was patient, courteous and impartial throughout the proceeding. Defendant's contrary claim is entirely without merit.

Mr. Serratore was 52 years old at the time of the trial and had a life expectancy of approximately 23 years. His doctor, an orthopedic surgeon, testified that Mr. Serratore had suffered a "bulging" disc; defendant's medical expert testified that the disc was actually ruptured or herniated. The jury was entitled to find that before the accident Mr. Serratore had been in excellent health. He played golf and tennis, skied and lifted weights. He was a cabinet maker who built and installed custom-made kitchen cabinets and, with his own labor, constructed custom-built houses. As the result of the accident, he was in constant, severe pain. He was unable to sleep. He had begun to walk with a stoop. He was forced to abandon the businesses in which he had been engaged because he could no longer do the work; he could no longer even lift a tool box. He had to give up all of his athletic diversions.

The medical experts for both parties agreed that his condition could probably be alleviated by a surgical procedure which would expose Mr. Serratore to relatively minor risks. However, plaintiff's physician testified that the procedure, if successful, would affect only the pains in Mr. Serratore's leg; the pain in his lower back, which was the principal cause of his suffering, was permanent.

On the basis of these facts, the trial judge held that the verdict was not contrary to the weight of the evidence and did not constitute a miscarriage of justice. We find no reason to disagree with him. *See Rule* 4:49–1; *Carrino v. Novotny,* 78 *N.J.* 355, 359–360 (1979); *Sweeney v. Pruyne,* 67 *N.J.* 314 (1975); *Dolson v. Anastasia,* 55 *N.J.* 2, 6–8 (1969); *Jackson v. Consolidated Rail Corp.,* 223 *N.J.Super.* 467, 480 (App.Div. 1988).

■ The car in which the parties were driving at the time of the accident was registered in Ms. Serratore's name. Defendant's attorney asked her whether the automobile liability policy insuring her car included PIP (personal injury protection) coverage. As justification for this line of inquiry, he argued that any economic losses suffered by plaintiffs which were compensable under their PIP coverage could not be recovered from defendant as damages. Therefore, he contended, he was entitled to elicit the extent of their PIP benefits so that the jury could deduct those benefits from any award of damages intended to compensate plaintiffs for any loss of income. However, the trial judge ruled that this proposed line of inquiry was inadmissible.

At the close of the case, the court told the jury that the only evidence presented to them which was relevant to economic damages was plaintiffs' accountant's testimony that the 1985 profits of plaintiffs' custom kitchen cabinet business had been reduced by $12,419. The judge said:

"There is no other claim for loss of profits from the business. So that there is no other consideration in that respect that you will give to any other item dealing with the business insofar as a loss of profits is concerned."

The jury was not instructed to make any allowance for income continuation benefits which plaintiffs were entitled to collect under their PIP coverage, and the court did not mold the verdict to reflect receipt of PIP benefits. Therefore, if defendant is correct that she should have been permitted to show the amount of any PIP benefits, defendant would be entitled to have the judgment appealed from reduced by $12,419 plus interest on that amount.

Defendant relies on *N.J.S.A.* 39:6A–12 in support of his argument that he should have been permitted to explore plaintiffs' PIP coverage. That section has been interpreted to preclude an injured party from recovering damages from his tortfeasor for losses which are compensable by his PIP insurers. *See Aetna Ins. Co. v. Gilchrist Bros., Inc.,* 85 *N.J.* 550, 562 (1981) (The New Jersey Automobile Reparation Reform Act "has eliminated the ability of the insured in an action in this State to recover damages from the tortfeasor for the amounts collectible or paid under PIP."); *Cirelli v. The Ohio Casualty Ins. Co.,* 72 *N.J.* 380, 386–387 (1977). *N.J.S.A.* 39:6A–12 also states, "Nothing in this section shall be construed to limit the right of recovery, against the tortfeasor, of uncompensated economic loss sustained by the injured party." Basic PIP coverage for lost income is limited to $5200, *N.J.S.A.* 39:6A–4b, but insurers must offer optional additional coverage insuring 75 percent of lost income between $5200 and $35,000 a year. *N.J.S.A.* 39:6A–10. Consequently, in order to determine the plaintiffs' economic loss which is not compensated under PIP, whoever is to make that determination has to learn the amount of the injured party's PIP coverage. That necessity seems to support the line of inquiry which defendant's attorney wanted to pursue. But *N.J.S.A.* 39:6A–12 makes "evidence of the amounts collectible ... [by] an injured person [pursuant to his PIP coverage] ... inadmissible in a civil action for recovery of

damages for bodily injury by such injured person." *See Clifford v. Opdyke,* 156 *N.J.Super.* 208, 213–214 (App.Div.1978). That provision of the statute supports the trial court's ruling which halted defendant's intended line of questions.

The implication of these apparently conflicting statutes is that defendant's inquiry into the limits of plaintiffs' PIP coverage should have been pursued before trial. If there was a dispute about coverage, it should have been resolved by a judge sitting as a trier of fact, without a jury. *Cf. Fitzgerald v. Wright,* 155 *N.J.Super.* 494, 501–504 (App.Div.1978) (A judge rather than a jury should decide the preliminary question of exemption from tort liability on facts and law.) The judge could then have molded the verdict of the jury, if appropriate, in accordance with his finding by deducting the amount of the plaintiffs' loss of income which was compensable by their PIP insurer.[1] In the present case, however, the defendant did not request a preliminary hearing to determine plaintiffs' PIP coverage, and the court's ruling curtailing his inquiry about that issue before the jury was correct.

For the reasons stated, the judgment appealed from is affirmed.

---

[1] Plaintiffs argue that the diminution in their partnership profits resulting from Mr. Serratore's injury was not the "loss of income of an income producer" within the meaning of *N.J.S.A.* 39:6A–4. If so, PIP income continuation benefits were not available, and on that ground defendant's inquiry into PIP coverage was properly curtailed as irrelevant. *But cf. Zyck v. Hartford Ins. Group,* 150 *N.J.Super.* 431 (App.Div.1977). We have not attempted to decide that issue.