**Jeremy RITTIERODT, Appellant (Plaintiff),**

v.

**STATE FARM INSURANCE COMPANY, Appellee (Defendant).**

No. 99–30.

Supreme Court of Wyoming.

April 6, 2000.

Representing Appellant: Tony S. Lopez, Laramie, Wyoming.

Representing Appellee: Julie Nye Tiedeken, Cheyenne, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

THOMAS, Justice.

The only question in this appeal arises out of the sufficiency of the evidence presented by Jeremy Rittierodt (Rittierodt) to justify an instruction to the jury on future medical expenses, future pain and suffering, and the loss of enjoyment of life. The trial judge refused an instruction on these elements of damage because of his view that the evidence was not sufficient to justify a finding of such damages by the jury. We have searched the limited record that the parties designated to be transmitted to this Court, and we are in accord with the ruling of the trial judge. The existence of damages such as these must be demonstrated by testimony or other evidence that they will be suffered by the injured person. The record presented to this Court does not suffice to demonstrate such damages. The Judgment on Verdict entered by the trial court is affirmed.

This statement of the issues is found in the Appellant's Brief:

Did the trial court err in ruling as matter of law that the issue of future damages/future pain and suffering could not go before the jury?

This Statement of the Issue is found in the Appellee's Brief:

Did the trial court err in determining that there was inadequate medical evidence to submit to the jury the question of whether the Plaintiff should be allowed to recover damages for future medical expenses, pain and suffering and loss of enjoyment of life?

In July of 1997, Rittierodt was riding as a passenger with his wife driving when their vehicle collided with another vehicle driven by Stacy Hendrickson (Hendrickson) at a controlled intersection in Laramie. Rittierodt commenced this action on March 2, 1998, naming Hendrickson as the defendant. Hendrickson endeavored to represent herself, and she denied the allegations of the Complaint other than her residency in Laramie, Albany County. Hendrickson's automobile insurance had expired at the time of the collision. Rittierodt had uninsured motorist coverage, and State Farm Mutual Automobile Insurance Company (State Farm) was his insurance carrier. On March 13, 1998, State Farm filed a Motion to Intervene to protect its interests. The trial court entered an Order Allowing Intervention of State Farm Mutual Automobile Insurance Company on April 16, 1998, which also gave State Farm twenty days to file an answer to the complaint. State Farm filed its Answer to Complaint on May 13, 1998.

State Farm conceded the issue of liability, and the only issue at trial was the amount of damages Rittierodt suffered as a result of the accident. By the time the conference on instructions was held, a specific issue as to the sufficiency of the evidence to support future damages was presented to the trial court. The evidence in the transmitted record relating to that issue was the testimony of two orthopedic surgeons, Dr. B and Dr. J, who testified about Rittierodt's injuries. Their testimony was presented through their pre-trial depositions, which the trial court accepted as trial testimony.

Dr. J treated Rittierodt from September through December of 1997. He diagnosed a "thoracolumbar strain," which he described as a soft tissue type of injury. His conservative treatment of Rittierodt included a recommendation of weight loss, therapy in the form of exercises, and prescriptions for an anti-inflammatory substance and another substance for the relief of pain. Dr. J also referred Rittierodt to a chiropractor, and Rittierodt pursued that treatment. It was Dr. J's opinion, to a reasonable degree of medical probability, as of the time of Rittierodt's last appointment, that by following the prescribed exercise and weight loss regime, Rittierodt would be restored to his condition prior to the July collision.

Dr. B performed an independent medical examination of Rittierodt in November of 1997, at the request of State Farm. He reviewed medical and radiographic and physical reports as well as taking a history from and performing a physical examination of Rittierodt. Dr. B stated that his diagnosis was that Rittierodt had "a lumbosacral strain/sprain, * * * which is a sprain or strain, stretching of the muscles and liga-

ments in the low back, * * * ." In the course of his examination, the doctor determined that Rittierodt had a history of similar complaints that were related to a congenital abnormality in his spine. Dr. B testified that in his opinion, Rittierodt would have continued intermittent low back pain, but that would not be related to the injury suffered in July of 1997. It was Dr. B's conclusion that Rittierodt's back pain was not attributable to the car accident, but instead to a combination of pre-existing congenital abnormalities and his weight. He also testified, using a standard of reasonable medical probability, that Rittierodt would not need any future care or treatment that would be attributable to the injury in July of 1997. Dr. B stated that Rittierodt had reached a point of maximum medical improvement and had returned to the pre-accident level in terms of his work and the activities of daily living.

During the trial, Rittierodt requested a jury instruction to allow the jury to award future damages for pain and suffering, loss of enjoyment of life, and future medical expenses. The specific instruction was not a part of the transmitted record. State Farm objected on the basis that medical testimony reflected Rittierodt was expected to fully recover and did not need future medical treatment. The trial judge ruled that there was insufficient evidence to support such an instruction. Since the only part of the trial evidence or testimony included in the transmitted record is the depositions of Dr. J and Dr. B, we assume that was the only evidence that is pertinent to the instruction on future damages.

A twelve person jury returned a verdict awarding Rittierodt damages in the amount of $6,451.65, and a Judgment on Verdict was entered on December 2, 1998. Rittierodt appealed the Judgment on Verdict, specifying the ruling of the trial court with respect to instructing the jury on Rittierodt's future damages.

 A party should be afforded the benefit of an instruction explaining that party's case and theories to the jury.

We recognize that a party is entitled to have the jury instructed upon its theory of the case, assuming that the theory is supported by competent evidence. *Thunder Hawk By and Through Jensen v. Union Pacific R. Co.,* 891 P.2d 773, 783 (Wyo. 1995); *Haderlie v. Sondgeroth,* 866 P.2d 703, 718 (Wyo.1993).

*Turcq v. Shanahan,* 950 P.2d 47, 51 (Wyo. 1997). *See also Short v. Spring Creek Ranch, Inc.,* 731 P.2d 1195, 1199 (Wyo.1987) and *Langdon v. Baldwin–Lima–Hamilton Corp.,* 494 P.2d 537, 541 (Wyo.1972). It is within the court's discretion to present its own instructions which address the defendant's theory of the case, and as long as the instructions correctly state the law and the entire charge to the jury actually covers the issues reversible error will not be found. *Baier v. State,* 891 P.2d 754, 756 (Wyo.1995) (*citing Scadden v. State,* 732 P.2d 1036, 1053 (Wyo.1987) and *Sanchez v. State,* 694 P.2d 726, 729 (Wyo.1985)).

In *State Farm Mut. Auto. Ins. Co. v. Shrader,* 882 P.2d 813, 831 (Wyo.1994), we described our function in reviewing claims of instructional error in this way:

In reviewing challenges to jury instructions, we are conducting both a procedural review and a substantive review. The procedural component is stated by W.R.C.P. 51 which requires, in pertinent part: "No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Therefore, on appeal, this court considers a claim of error in jury instruction only where a proper objection is raised. *Triton Coal Co., Inc. v. Mobil Coal Producing, Inc.,* 800 P.2d 505, 510 (Wyo.1990) (collecting cases). When a party fails to properly object, our review is limited to the application of the plain error doctrine. *Id.* at 511. The purpose of requiring an objection under W.R.C.P. 51 is to inform the ·district court of the nature of the contended error and the specific grounds of objection so that the district court may exercise judicial discretion in reconsidering the instruction to avoid error. *Davis v. Consolidated Oil & Gas, Inc.,* 802 P.2d 840, 843 (Wyo.1990).

In *Vaughn v. State,* 962 P.2d 149, 151 (Wyo.1998), we reaffirmed a definition of judicial discretion that we deem appropriate to the exercise of that function in instructing the jury:

Henceforth, we will turn to a definition adopted in *Martin v. State,* 720 P.2d 894, 897 (Wyo.1986), in which we said:

"Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Byerly v. Madsen,* 41 Wash.App. 495, 704 P.2d 1236 (1985)."

We have invoked that definition in *Lee v. Sage Creek Refining Co.,* 947 P.2d 791, 793 (Wyo.1997); *Sorensen v. May,* 944 P.2d 429, 432 (Wyo.1997); *Punches v. State,* 944 P.2d 1131, 1136 (Wyo.1997); *Brown v. State,* 944 P.2d 1168, 1170 (Wyo.1997); *Vena v. State,* 941 P.2d at 41; *Nowotny v. L & B Contract Industries, Inc.,* 933 P.2d 452, 460 (Wyo.1997); *Robinson v. Hamblin,* 914 P.2d 152, 155 (Wyo.1996); *Harston v. Campbell County Memorial Hosp.,* 913 P.2d 870, 875 (Wyo.1996); and *Vit v. State,* 909 P.2d 953, 957 (Wyo.1996).

 Before any instruction can be given, there must be evidence before the jury to which it may apply the rule of law encompassed by the instruction. *Energy Transp. Systems, Inc. v. Mackey,* 650 P.2d 1152, 1159 (Wyo.1982); *Hernandez v. Gilveli,* 626 P.2d 74, 76 (Wyo.1981); *Beard v. Brown,* 616 P.2d 726, 733 (Wyo.1980). In this case, the trial judge succinctly captured the state of the evidence when, alluding to the testimony of the two physicians, he said during the course of the instruction conference:

[T]hey both agree the complaints he had up to November of '97 resulted from the accident. There is no disagreement there. But [J] said, as I recall, that he expected he would be fully resolved by about December. He didn't say anything about anything beyond that as far as future pain and suffering. [B] said he reached M.M.I. as of November 7; that he would perhaps continue to have intermittent back pain; but that would not be the result of the accident. I don't see any real conflict there. [J] has not said with respect to future stuff and [B] said, yeah, maybe but not from the accident. There is no evidence that I can recall to the contrary.

This analysis of the evidence fits what this Court said in *Farmers Ins. Exchange v. Shirley,* 958 P.2d 1040, 1048 (Wyo.1998):

We have said that a jury is not permitted to speculate or engage in conjecture in awarding damages. *Martinez v. City of Cheyenne,* 791 P.2d 949, 960 (Wyo.1990); *Reposa v. Buhler,* 770 P.2d 235, 238 (Wyo. 1989); *Reiman Const. Co. v. Jerry Hiller Co.,* 709 P.2d 1271, 1277 (Wyo.1985); *Krist v. Aetna Cas. & Sur.,* 667 P.2d 665, 672 (Wyo.1983). Had the jury been properly instructed as to the *Shrader* [*State Farm Mut. Auto. Ins. Co. v. Shrader,* 882 P.2d 813 (Wyo.1994)] requirement of economic damages, the jury could not have determined such damages other than by speculation or conjecture.

In the absence of evidence supporting future damages, the trial judge was foreclosed from submitting that issue to the jury because any award for future damages per force would have been the product of speculation and conjecture.

We must decide only whether Rittierodt presented sufficient evidence of future damages to require the trial court to submit the issue to the jury. Based on the two depositions before us, the trial court was correct in finding insufficient evidence to justify any proposed instruction concerning future damages. Both Drs. J and B agreed, to a reasonable degree of medical probability, Rittierodt would not suffer future damages because of the accident with Hendrickson.[1] Given that the parties only presented this Court with the doctors' depositions, they clearly assumed that expert testimony was

---

1. Rittierodt certified the depositions of Drs. B and J as well as a transcript of the jury instruction conference. Neither Rittierodt nor State Farm provided this Court with a transcript of the other trial testimony, Rittierodt's testimony, or the proposed instruction that was the subject of the dialogue at the instruction conference.

necessary to prove future pain and suffering.

State Farm cites persuasive authority from other jurisdictions to structure an argument that expert testimony is necessary to justify a jury award for future pain and suffering. *Cain v. Stevenson*, 218 Mont. 101, 706 P.2d 128, 131 (1985); *Clifford v. Opdyke*, 156 N.J.Super. 208, 383 A.2d 749, 751–52 (1978); *Zegman v. State*, 99 Misc.2d 473, 416 N.Y.S.2d 505, 506 (1979); *Coryell v. Conn*, 88 Wis.2d 310, 276 N.W.2d 723, 727 (1979); *Diemel v. Weirich*, 264 Wis. 265, 58 N.W.2d 651, 652–53 (1953). We, however, have adopted a different rule with respect to damages for future pain and suffering. *Mariner v. Marsden*, 610 P.2d 6, 13–15 (Wyo.1980). There is no occasion here to revisit the rule of *Marsden* since the record designated for transmission to this Court contains no evidence with respect to future damages other than the testimony of Dr. J and Dr. B. Based on the lack of evidence or testimony indicating otherwise, the district court did not abuse its discretion when it denied Rittierodt's proposed jury instruction.

The Judgment on Verdict is affirmed.